State of Louisiana vs. Sheppard.

---

## No. 50.

### THE STATE OF LOUISIANA VS. MORGAN SHEPPARD.

The verdict of the jury is not vitiated by the fact that it is signed by the foreman, without the usual addition of "foreman," appended to his signature.

An indictment is not bad because it contains two counts charging the accused, in one, with severing certain produce from the soil of another person, and, in the other, with stealing said produce. The two offenses are of such kindred nature that they may be charged in the same indictment.

But the indictment is defective in only charging that the article severed from the soil was part of a crop "produced" by A. B., &c. The averment of *ownership* of the soil from which the produce was severed, is indispensable under the statute.

APPEAL from the Third Judicial District Court, parish of Lincoln. *Graham*, J.

---

The District Attorney for the State, Appellee.

*J. B. Holstead* for Defendant and Appellant:

In an indictment for severing from the soil it must be alleged who was the owner of the soil
In a charge of larceny there must be some definite value fixed to the property stolen.
You cannot cumulate the charges of larceny and severing from the soil.
One cannot be convicted of two offenses for one single act.
Where there is more than one count in an indictment and the verdict of the jury is "guilty," there is a conviction upon each count.

---

The opinion of the Court was delivered by

FENNER, J. The defendant assigns the following as errors:

1st. The verdict is signed by G. F. McKinzie without the usual addition of "Foreman" appended to his signature.

This does not vitiate the verdict, which might even have been rendered orally. 15 An. 648; 32 An. 854.

The record shows that G. F. McKinzie was a member of the jury.

The foreman is chosen by the jury itself to act as its organ of communication with the Court. When McKinzie, in presence of the jury, presented the verdict, in their behalf, he acted as foreman with their knowledge and consent, and his signature must be presumed to have been made in that capacity.

2d. That the indictment charges the accused with two separate and distinct crimes, which cannot be cumulated.

The indictment contains two counts, one charging defendant with severing from the soil of another, at a named time and place, one bushel of potatoes valued at fifty cents; the other charging him with stealing, taking and carrying away, at the same time and place, the same bushel of potatoes.

We think the offenses are of such kindred nature, subject to such similar penalties, and so connected with each other in the same transaction, as to render the objection untenable. 4 An. 434, 435; 15 An. 498; 20 An. 145; 30 An. 61.

3d. That the indictment does not fix the value of the property charged to have been severed and stolen. Such is not the fact. The value is distinctly fixed.

The 4th, 5th and 6th assignments of error are levelled exclusively at the first count of the indictment, and one of them we consider fatal to the count.

The statute (Sec. 2, Act No. 8, Ex. Sess. of 1870) uses the words: "Whoever shall fraudulently or maliciously sever from the soil of another any produce," &c.

The language of the indictment is, that the defendant " did, wilfully and feloniously, sever from the soil one bushel of potatoes, part of a crop produced by M. L. Gilbert," &c. Neither expressly, nor by exclusive implication, is it alleged that the soil, from which the severance was made, was that of another, which is the vital element of the crime. Because the crop was produced by M. L. Gilbert, it does not follow conclusively that the soil was his, as owner, or even as tenant. *Non constat* that Gilbert may not have produced the crop on defendant's own land and merely as his employee.

"An indictment, under a statute ought, with certainty and precision, to charge defendant with having committed or omitted the acts, under the circumstances and with the intent mentioned in the statute.    *    *

If the facts alleged do not make out the case, the indictment is defective." State vs. Stiles, 5 An. 324.

This defect is one of substance, and was properly urged by motion in arrest.

It would not, however, have vitiated the general verdict and sentence in this case, upon the count for larceny, had the penalty imposed by the sentence been appropriate to the latter crime. Bishop on Crim. Proc., § 1015.

But, in addition to the imprisonment, the accused is sentenced to pay a fine, which is no part of the penalty attached by law to the crime of larceny, though it is attached to the crime of severing from the soil.

This shows that the sentence was based upon the verdict on the bad count, and it cannot be maintained.

It is, therefore, ordered, adjudged and decreed that the verdict and sentence herein be annulled and set aside, and that the case be remanded to the lower court for further proceedings according to law.