### No. 10,252.

### The State of Louisiana vs. Emma Young.

On a prosecution for larceny, declarations of the accused, made previous to and at the time of arrest, are admissible to show intent and repel the charge of "felonious" taking. The objection goes more to the effect than to the admissibility.

State vs. Young.

APPEAL from the Sixteenth District Court, Parish of East Feliciana. *Brame*, J.

*Walter H. Rogers*, Attorney General, and *J. H. Stone*, District Attorney, for the State, Appellee.

*W. F. Kernan* for Defendant and Appellant.

The opinion of the Court was delivered by

BERUDEZ, J. The defendant relies on several bills of exceptions for the reversal of the verdict and sentence against her, on a charge of larceny.

It appears that she offered to prove by different witnesses, the declarations made by herself, before accusation, previous to, and at the time of arrest, to repel the charge of a *felonious* taking and carrying away, and that the District Judge declined to hear argument on the subject and to permit the evidence.

However true it may be that self-serving declarations may not always form part of the *res gestæ*, it seems to be well established that an accused has the right to show that, having the article said to have been stolen in his possession, he has avowed, before being questioned concerning it, having taken it by mistake, or from his own negligence. Greenleaf 3, § 157.

"It is the doctrine of reason, sustained by some of the cases, and not apparently contradicted by any, in a way requiring notice, that when stolen property is found upon one, or in his possession, attention should be given to his own explanation then made of how he came by it, and this explanation may be produced in evidence to the jury, in his behalf, as well as against him." 2 Bishop on Crim. Prac., § 746; Wharton, Crim. Evidence, Nos. 691, 761; Waterman, Cr. Digest, pp. 381-2, Nos. 90, 92, 99 and p. 411, No. 443.

The doctrine in this State rests upon that principle. State. vs. Thomas, 30 Ann, 600; State vs. Delwood, 33 Ann. 1229; State vs. Chrétien, 35 Ann. 1031; State vs. Edwards, 34 Ann. 1012.

It appears that the accused proposed to show by three witnesses, that before the arrest she had showed them the article, telling them it belonged to a certain party; that she had taken it from the child; that she had inadvertently and unintentionally brought it away; that she intended to return it the next day, and that she repeated the same thing to the constable who arrested her, at the time of the arrest.

She claims that, had said evidence been admitted, it would have repelled all idea of a "*felonious*" taking and established her innocence.

It is not for this court, nor was it for the lower court, to say, what effect the evidence, if received, would have produced on the jury.

It is clear that, without a *felonious* taking there can be no larceny, and that, had the testimony been admitted and satisfied the jury of the absence of a *felonious* intent and taking, it would have been their duty to acquit the accused.

It is, therefore, considered that the evidence refused ought to have been received.

It is, accordingly, ordered and decreed that the verdict and judgment appealed from be set aside, annulled and reversed, and that this case be remanded to the lower court, with instructions to hear the evidence proposed, and further to proceed according to law.