LAND, J.
 

 Defendant is charged with murder, but was tried for manslaughter, and was found guilty. Prom a sentence of not less than one nor more than three years in the state penitentiary, defendant has appealed, and assigns the errors complained of in the trial court in five bills of exceptions.
 

 Bill No. 1.
 

 It appears from this bill that while the sheriff of Washington parish was on the stand as a state witness, the fact that Leonard, another state witness, had been in jail and had been detained as a material witness, was brought out on cross-examination by the defense.
 

 On re-examination, the district attorney' asked the sheriff: ‘‘Why did you move him, Leonard, from the Washington Parish jail to St. Tammany Parish jail?”
 

 The sheriff answered that he removed the witness under the order of the court, without stating any further reasons for his action. This question was objected to by the defense “on the ground that no reason the sheriff may have had, or any apprehension he might have had on his mind, was far-fetched and has nothing to do with the trial of the defendant, and has a tendency, and, evidently, the purpose of the District Attorney was, to prejudice the mind of this jury against this defendant, and trying to bolster up the testimony of the witness, Leonard,
 
 who admitted on the stand that he had lied."
 

 The clerk was ordered by the court not to take down the statement made by counsel for defense with reference to the witness Leonard,
 
 “who admitted on the stand he had lied.”
 

 The defense then requested that the following notation be made by the clerk: “The court refused to allow counsel for defendant to put the reason in for his bill.”'
 

 As the sheriff did not give any individual reason or state any apprehension on his part, as to why he removed the witness, the objection of the defense to his answer, that he had done so under the order of the court, is shorn of any prejudicial force or effect.
 

 It was not until after the clerk had taken down the questions and answers of the sheriff and the objection of counsel above quoted, that the defense further objected “to any testimony going to this jury tending to show that the court had anything to do with this witness, or where he was kept, because' it is liable to prejudice the mind of the jury against the defendant.” This objection came too late, as the answer of the witness had already gone to the jury without challenge as to the admissibility of the testimony. See note of evidence, T. p. 18.
 

 The statement of counsel for the de
 
 *1083
 
 fense with reference to the witness Leonard, “who admitted that he had lied,” was not a proper objection to the testimony of the sheriff, hut a mere argument or conclusion of the counsel for defense as to the credibility of another witness, which it was not necessary for the clerk to take down, as a basis for the bill reserved, under Act No. 113 of 1896.
 

 We find no error in the ruling of the trial judge.
 

 Bill No. 2.
 

 In this bill it is stated vaguely that the court refused to allow counsel to state the reasons for his objection to a question, propounded by the district attorney to the sheriff of Washington parish, a state witness.
 

 The per curiam to the bill shows that the court did not refuse to allow counsel to state his reasons for his objections, and under the settled jurisprudence of this state, the statement of the trial judge must prevail.
 

 If this bill refers to the facts detailed in bill No. 1, the refusal of the trial judge to order the clerk to take down the statement of counsel for defense, as to the witness Leonard, was proper.
 

 Bill No. 3.
 

 This bill was taken to the overruling of a motion in arrest of judgment, based upon the ground that the verdict returned by the jury was signed by W. T. Seal, without designation of his official capacity as foreman of the jury.
 

 The minutes, of course, do not show that W. T. Seal was selected as foreman of the jury, as the foreman in criminal cases is not appointed by the court, but is chosen by the jury after retiring to deliberate on the case.
 

 However, the minutes of the court show that W. T. Seal was one of the twelve jurors selected and sworn to try the case, and the verdict returned into open court by the jury is signed by him.
 

 This question was decided in State v. Sheppard, 33 La. Ann. 1216, in which it is said:
 

 “The defendant assigns the following as errors :
 

 “1st. The verdict is signed by U. E. McKinzie without the usual addition of ‘Foreman’ appended to his signature.
 

 “This does not vitiate the verdict, which might even have been rendered orally. State v. Walters, 15 La. Ann. 648; State v. Ross, 32 La. Ann. 854.
 

 “The record shows that G. F. McKinzie was a member of the jury.
 

 “The foreman is chosen by the jury itself to act as its organ of communication with the Court. When McKinzie, in presence of the jury, presented the verdict, in their behalf, he acted as foreman with their knowledge and consent, and his signature must be presumed to have been made in that capacity.”
 

 The decision in 33 La. Ann. 1216, above cited, is approved in State v. Reed et al., 49 La. Ann. 706, 21 So. 732, and the point at issue must be considered as finally settled.
 

 Bill No. 5.
 

 This bill is reserved to the overruling of a motion for a new trial, which is based on the ground that the verdict is contrary to the law and the evidence, upon the errors alleged in the bills of exceptions already disposed of in this opinion, and upon the additional ground that the court erred in refusing to excuse the jurors Alvin Talley and Mike Fisher, who were challenged because of relationship to the family of one Dan Brumfield, the prosecuting witness, several members of whose family were shot at the time deceased was killed by the defendant.
 

 As appears from the per curiam to this bill, the degree of relationship shown was too remote to be accurately traced and was only by marriage; and, furthermore, the defendant did not exhaust his peremptory challenges before completing the jury.
 

 The bill is without merit.
 

 Judgment affirmed.