McCALEB, Justice.
 

 Appellant was tried for murder and found guilty without capital punishment.
 
 *845
 
 Since the lodging of his appeal, he has filed a motion to remand the matter because the minutes of the court, dated October 3, 1949 (as exhibited by the transcript), disclose that, whereas the grand jury, which returned the indictment, was composed of a foreman and 11 other jurors, there are only the names of 10 jurors, exclusive of the foreman, listed therein.
 

 The State resists the remand and has furnished a certified copy of the minutes of the court of October 3, 1949, identical in wording with the minutes as reproduced in the transcript, except that the former lists 11 names, excluding that of the foreman, of persons composing the grand jury. In other words, due to a clerical error in making up the transcript, the name of James Lawler, who served as a member of the grand jury, was omitted in copying the official minutes which were made part of the record.
 

 Thus, it is apparent that the motion to remand is without substance. Appellant does not contend either that an illegal grand jury was impaneled or that the copy of the minutes, certified as correct by the clerk of the district court, does not reveal the true facts. In these circumstances-, a remand of the case would be inutile.
 

 In seeking a reversal of his conviction, appellant relies upon a single bill of exception. This bill was taken to the action- of the court in admitting in evidence, over the objection of his counsel, three photographs of the body of the victim which were taken by the coroner at the time he was called to the scene of the murder. Counsel say that, since the coroner had proven the corpus delicti, the pictures were without probative value; that they presented a gruesome spectacle and that they were offered for the sole purpose of prejudicing the jury against appellant. To support this postulation, counsel cite State v. Morgan, 211 La. 572, 30 So.2d 434.
 

 The complaint is without merit. It has long been the jurisprudence of this court that photographs, properly identified, of the body of the deceased in homicide cases are admissible for the purpose of showing the nature of the crime and the facts and circumstances surrounding its commission, or to assist the witnesses in their testimony and as an aid to the jury in obtaining a better understanding of the character of the wounds. See State v. Messer, 194 La. 238, 193 So. 633; State v. Henry, 197 La. 999, 3 So.2d 104 and State v. Johnson, 198 La. 195, 3 So.2d 556. And the fact that the photographs portray a repulsive spectacle and tend to prejudice the jury furnishes no valid ground for their exclusion where they are otherwise relevant. State v. Johnson, supra; Wharton, Criminal Evidence, 11th Edition, Vol. 2, sec. 773, p. 1321; Scott, Photographic Evidence, sec. 661, pps. 570-580.
 

 An examination of the photographs in the case at bar reveals that two of them cannot be regarded as gruesome or ghastly
 
 *847
 
 for they merely portray the fully clothed body of the victim lying on his side, in a pool of blood.
 

 The other picture, displaying the bloody face and chest of the deceased, is somewhat repellant but this fact did not render it inadmissible as it was otherwise relevant to the issues in the case. The per curiam of the judge reveals that appellant conceded the killing but claimed that he acted in self-defense. Accordingly, aside from any other ground, the picture was admissible to disprove this claim as it demonstrates that the victim was not handling a pistol at the time the fatal wounds were inflicted and that, as a matter of fact, he was holding a pencil in his right hand.
 

 The case of State v. Morgan, supra, is not applicable as that decision is founded on the converse to the rule followed in State v. Johnson, supra, — which is “that if a gruesome photograph is not at all necessary or material evidence in a criminal prosecution it should be excluded if it may have a tendency to cause an undue influence upon the jury”. [211 La. 572, 30 So.2d 436.] Here, the district judge found the pictures to be material. Not only was the judge necessarily invested with broad discretion in determining this question, Wharton, Criminal Evidence, 11th Edition, Vol. 2, sec. 773, p. 1323; State v. Johnson, supra, but we have no hesitancy in concluding that his ruling was correct.
 

 The conviction and sentence are affirmed.