95 So.2d 290

STATE of Louisiana

v.

Dale E. BIRDSELL.

No. 43322.

April 1, 1957.

Rehearing Denied May 6, 1957.

. Jack N. Rogers, Baton Rouge, for defendant-appellant.

Jack P. F. Gremillion, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., J. St. Clair Favrot, Dist. Atty. Ralph L. Roy, Asst. Dist. Atty., Baton Rouge, for appellee.

SIMON, Justice.

. The defendant, Dale E. Birdsell, was charged by bill of information, tried and convicted for the violation of Title 40, Sec. 962, Subd. B of the LSA–Revised Statutes, which reads as follows:

"It is unlawful for any person, except a dealer in surgical instruments,

apothecary, dentist, veterinarian or nurse, attendant or intern of a hospital, sanatorium or institution in which persons are treated for disability or disease, at any time to have or possess a hypodermic syringe or needle unless such possession be authorized by the prescription or the certificate of a physician issued within the period of one year prior thereto. Provided that this sub-section shall not be held to apply to syringes or needles for the treatment of fowl or livestock."

Following his conviction he was sentenced to imprisonment for seven years in the Louisiana State Penitentiary.

During his trial the accused reserved four bills of exception which form the basis of this appeal.

Bill of Exception No. 1 is predicated on an adverse ruling by the trial judge on a motion to quash the bill of information on the ground that no crime known to our law was charged therein. Bill of Exception No. 2 was reserved to the ruling on an objection to a statement made by the District Attorney in his opening statement to the jury, which defendant submits was highly prejudicial. Bill of Exception No. 3 is grounded on the refusal by the trial judge to permit the defendant to offer evidence which he deemed pertinent to his defense. Bill of Exception No. 4 was reserved to the overruling of a motion for a mistrial based on alleged highly prejudicial remarks of the District Attorney in his cross-examination of a character witness.

■■■ In view of what we consider to be the pivotal complaint as reflected by Bill of Exception No. 3, we are constrained to hold that the ruling sustaining the objection by the state was highly prejudicial to and a denial of the substantial rights of the defendant, thus warranting a reversal of the conviction and sentence.

The defendant was charged with the violation of the statute, supra, "in that he had or possessed a hypodermic syringe and needle." By the provisions of said statute these articles may be legally possessed under certain given circumstances, that is, certain named persons are exempt from its prohibitions or one who is authorized by a prescription or a certificate of a physician issued within the period of one year prior thereto. Under the proviso, this sub-section does not apply to syringes or needles when used for the treatment of fowl or livestock.

It further appears that in his opening statement to the jury the Assistant District Attorney stated that, in order to prove the criminal intent and guilty knowledge of the defendant in possessing the syringe and needle, he would offer evidence showing that a barbiturate, the possession of which is prohibited, was also found in the box containing the syringe and needle. Objection to this statement as being highly prejudicial was overruled. The barbiturate re-

ferred to was subsequently offered in evidence by the state in connection with proof of the case in chief. Needless to say, the defendant was not charged with the possessing of narcotics nor with being a user thereof or an addict thereto.

The record discloses that the defendant testified in his own behalf, and on direct examination was asked the following question: "Q. 'Now Mr. Birdsell, have you ever used that syringe and needle for narcotics?' "

The state objected to the question on the ground of its being immaterial and irrelevant. This objection was sustained by the trial judge on the ground that since the defendant was not charged as a user of narcotics such evidence was immaterial and irrelevant.

At the outset we must observe that an objection of irrelevancy is recognized by us as being the weakest of all objections. State v. Fontenot, 48 La.Ann. 305, 307, 19 So. 111; State v. Primeaux, 104 La. 365, 29 So. 110; State v. Labry, 124 La. 748, 50 So. 700.

In the recent case of State v. Johnson, 228 La. 317, 82 So.2d 24, we held that unlawful possession, where one is invested with some right of dominion, can be defined as a possession which in the ordinary course of human experience necessarily involves knowledge of the fact that one is possessing either rightfully or unlawfully as well as with knowledge of the criminal consequences which one should reasonably anticipate therefrom. We announced the principle that no crime can exist without the combination of a criminal act and a criminal intent, or an evil motive, or with a guilty knowledge of its consequences.

In the instant case, unquestionably when the state offered in evidence the barbiturate, over the objection of the counsel for the defense, its purpose was to show the guilty knowledge and illegal intent of the defendant, as had been declared in the opening statement of the District Attorney.

Manifestly, the complaint by the defendant of a denial of his right to introduce evidence for the purpose of explaining his possession of these prohibited articles to an end to negate and repel the charge of guilty knowledge and illegal intent or motive is sound and meritorious.

The criminal intent or guilty knowledge of this defendant was necessarily a question of fact for the jury. In an effort to disprove or negate such intent the facts tending to sustain this hypothesis were clearly relevant, it being universally accepted that relevancy is to be determined by free logic and all facts that go either to sustain or impeach a hypothesis are admissible. Wharton's Cr.Ev. (9th Ed.), Sec. 24.

By reason of logic, we must recognize that from the evidence adduced the suspicion that defendant was a user of narcotics was raised in the minds of the jury

once the prohibited articles were offered in evidence. The natural abhorrence which the general public has for unlawful users and dealers in narcotics unquestionably was brought into play. Clearly all evidence, whether offered by the prosecution or by the defense, tending to show or prove the real intent with which defendant possessed these prohibited articles was competent, relevant and material and therefore admissible.

The defendant was entitled to prove that his intent was anything but that of violating the law. He was entitled to prove his good faith in possessing the prohibited articles, for it is well accepted that proof of the intent of a person can be made only by circumstantial evidence giving rise to inference. The evidence offered by the defendant is clearly admissible, not only as to affirmative facts, but to negative facts as well which prove or disprove the intent of a person. Under the question propounded the defendant had not only the right to disprove the inference of guilty knowledge or criminal intent but to show that the prohibited articles were in his possession as a result of mistake, accident, or from his own negligence, thus affording him the opportunity of explaining his possession and thereby possibly establish his innocence.

It is not for this Court nor was it for the lower court to say what effect the evidence if received would have produced on the jury. Had the defendant been afforded the

opportunity of establishing the absence of criminal intent, and if he had done so, it would have been the duty of the jury to acquit him. State v. Young, 41 La.Ann. 94, 6 So. 468 and authorities therein cited; State v. Méche, 42 La.Ann. 273, 7 So. 573; State v. Gebbia, 121 La. 1083, 47 So. 32; State v. Jenkins, 134 La. 185, 63 So. 869; State v. Creel, 152 La. 888, 94 So. 433; State v. Morgan, 211 La. 572, 30 So.2d 434.

Bill of Exception No. 3 is well taken and therefore a consideration of the merits of the remaining bills is unnecessary.

Accordingly, for the reasons assigned, the conviction and sentence are reversed, and the appellant is granted a new trial.