HAMLIN, Justice.
 

 Maurice L. Roufa was charged by bill of information with a violation of LSA-R.S. 14:106(2), the Louisiana Obscenity Statute.
 
 [1]
 
 The trial court sustained a Motion to Quash filed by the defendant; from that judgment, the State of Louisiana has appealed.
 

 
 *477
 
 Paragraph Two of the Louisiana Obscenity Statute recites:
 

 “Obscenity is the intentional:
 

 “Production, sale, exhibition, possession with intention to display, exhibit, or sell, or the advertisement of, any obscene, lewd, lascivious, filthy, or sexually indecent print, picture, motion picture, written composition, model, instrument, contrivance or thing of whatsoever description;”
 
 [2]
 
 (Act 388 of 19S8.)
 

 Defendant averred in his Motion to Quash that:
 

 “1. The said bill of information fails to allege an offense for which defendant could be convicted.
 

 “2. That the statute under which said defendant is charged is unconstitutional, in violation of the Constitution of the United States of America and the Constitution of the State of Louisiana and more particularly said statute is in violation of the First and Fourteenth Amendments to the Constitution of the United States of America and Article 1, Section 3 and Article 1, Section 2 of the Constitution of the State of Louisiana.
 
 [3]
 

 “3. That the statute under which defendant is charged has been declared unconstitutional by the Supreme Court of the State of Louisiana.
 

 “4. That the said bill of information is so vague, general and obscure so as to prevent the defendant from answering to the charge.”
 

 The trial court found that LSA-R.S. 14:106(2) lacked the necessary requirement of
 
 scienter
 
 and was in violation of the First and Fourteenth Amendments to the United States Constitution and Article I, Section 3, and Article I, Section 2, of the
 
 *479
 
 Constitution of Louisiana. It stated that in view of its findings, on the question of scienter, it was not necessary to rule on the other arguments advanced by defendant in his Motion to Quash. Authority for the trial court’s ruling was the case of Smith v. People of State of California, 361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205, rehearing denied 361 U.S. 950, 80 S.Ct. 399, 4 L.Ed.2d 383.
 

 The State contends that the trial court was in error in its ruling and argues that it is readily apparent that the Louisiana Obscenity Statute requires that the proscribed acts shall be done intentionally or with general criminal intent. It states:
 

 “The word ‘intentional,’ when used in connection with the doing of a wrongful act, signifies, not only that the party intended to do the particular act, but to do it knowing at the time it was wrongful. * * * Unquestionably, when our statute requires that the prohibited act shall be done ‘intentionally,’ or with a general criminal intent, as is the requirement of our law, then the requirement that scienter element in the statute as laid down in the ‘Smith case,’ is met.”
 

 We think it appropriate to first discuss the Smith case, supra, which we find inapposite to the instant prosecution. The Municipal Code of the City of Los Angeles, California, Section 41.01.1, provided:
 

 “Indecent Writings, Etc. — Possession Prohibited:
 

 “It shall be unlawful for any person to have in his possession any obscene or indecent writing, book, pamphlet, picture, photograph, drawing, figure, motion picture film, phonograph recording, wire recording or transcription of any kind in any of the following places:
 

 ‡ ‡ ‡ ‡ ‡
 

 “2. In any place of business where * * * school supplies, magazines, books, pamphlets, papers, pictures or postcards are sold or kept for sale;”
 

 Smith, the proprietor of a bookstore, was convicted under the above ordinance of the possession in his bookstore of a certain book found upon judicial investigation to be obscene.
 

 On Appeal, the United States Supreme Court found that the ordinance, by not requiring scienter and making the possession of obscene matter a criminal offense, violated the fundamental concept of freedom of speech. It stated [361 U.S. 147, 80 S.Ct. 219] :
 

 “We have said: ‘The fundamental freedoms of speech and press have contributed greatly to the development and well-being of our free society and are indispensable to its continued growth. Ceaseless vigilance is the watchword to prevent their erosion by
 
 *481
 
 Congress or by the States. The door barring federal and state intrusion into this area cannot be left ajar; it must be kept tightly closed and opened only the slightest crack necessary to prevent encroachment upon more important interests.’ Roth v. United States, supra, 354 U.S. 476, at page 488, 77 S.Ct. 1304, at page 1311, 1 L.Ed. 2d 1498. This ordinance opens that door too far. The existence of the State’s power to prevent the distribution of obscene matter does not mean that there can be no constitutional barrier to any form of practical exercise of that power. Cf. Dean Milk Co. v. City of Madison, 340 U.S. 349, 71 S.Ct. 295, 95 L.Ed. 329. It is plain to us that the ordinance in question, though aimed at obscene matter, has such a tendency to inhibit constitutionally protected expression that it cannot stand under the Constitution.”
 

 Black’s Law Dictionary, Fourth Edition, defines “Scienter” as follows:
 

 “Lat. Knowingly. The term is used in pleading to signify an allegation (or that part of the declaration or indictment which contains it) setting out the defendant’s previous knowledge of the cause which led to the injury complained of, or rather his previous knowledge of a state of facts which it was his duty to guard against, and his omission to do which has led to the injury complained of. The insertion of such an allegation is called ‘laying the action (or indictment) with a
 
 scienter.’
 
 And the term is frequently used to signify the defendant’s guilty knowledge.”
 

 Cassell’s Latin Dictionary, 1958 printing, defines “Scienter,” “adv.” as “skilfully, expertly; dicere, Cic.” It defines “Scientia” as “a knowing, knowledge of, acquaintance with.”
 

 The statute under consideration herein recites that Obscenity (the prohibited act) must be intentional, and that
 
 possession
 
 must be with intention to display and exhibit obscene, lewd, lascivious, filthy, or sexually indecent matter.
 

 In Webster’s New World Dictionary, College Edition, we find:
 

 “Syn.
 
 intention
 
 is the general word implying a having something in mind as a plan or design or referring to the plan had in mind;
 
 intent,
 
 a somewhat formal term now largely in legal usage, connotes more deliberation (assault with intent to kill) ; * * * ”
 

 We also find many and numerous definitions of “Intent” and “Intention.” “ ‘Intent’ is an operation of the mind.” State Farm Mut. Auto. Ins. Co. v. Miller, 194 Va. 589, 74 S.E.2d 145, 148; “Intention is a mental application of one’s thoughts toward some object to be attained in a certain manner.” Nelson v. Nelson, 139 N.J.Eq. 329, 51 A.2d
 
 *483
 
 251, 252. See, 46 C.J.S., p. 1103; Vol. 22 Words and Phrases, Intention, p. 18; Vol. 38 Words and Phrases, Scienter, p. 330; Deane v. Johnston, Fla., 104 So.2d 3, 65 A.L.R.2d 957.
 

 In State v. Fulco, 194 La. 545, 194 So. 14, 17, this Court stated that, “An evil
 
 intention or guilty knowledge,
 
 which is an essential part of crimes at common law, is, in some cases hut not in others, held to be an element of crimes created by statute. * * * Whether a criminal
 
 intent or guilty knowledge
 
 is a necessary element of a statutory offense is a matter of construction to be determined from the language of the statute in view of its manifest purpose and design.” (Emphasis ours.) See, also, State v. Howard, 162 La. 719, 111 So. 72, where “wrongful intent” is also used in combination with “Guilty Knowledge.”
 

 The statement that the criminal intent or guilty knowledge of the defendant was necessarily a question of fact for the jury was made in State of Louisiana v. Birdsell, 232 La. 725, 95 So.2d 290. In the body of that opinion we emphatically stated that in State v. Johnson, 228 La. 317, 82 So.2d 24, we had announced the principle that no crime can exist without the combination of a criminal act and a criminal intent, or an evil motive, or with a guilty knowledge of its consequences. See, also, 18 La. Law Review, p. 122, “Guilty Knowledge as a Element of Crime.” It follows that Louisiana jurisprudence has used the phrases “Criminal Intent” and “Guilty Knowledge” in combination with each other. See, also, United States v. Behrman, 258 U.S. 280, 42 S.Ct. 303, 66 L.Ed. 619.
 

 In Dennis v. United States, 341 U.S. 494, 71 S.Ct. 857, 862, 95 L.Ed. 1137, we find the following pertinent statement:
 

 “ * * * A survey of Title 18 of the U.S. Code indicates that the vast majority of the crimes designated by that Title require, by express language, proof of the existence of a certain mental state, in words such as ‘knowingly,’ ‘maliciously,’ ‘wilfully,’ ‘with the purpose of,’ ‘with intent to,’ or combinations or permutations of these and synonymous terms. The existence of a mens rea is the rule of, rather than the exception to, the principles of Anglo-American criminal jurisprudence. See American Communications Ass’n v. Douds, 1950, 339 U.S. 382, 411, 70 S.Ct. 674, 94 L.Ed. 925, 950.” See, Morissette v. United States of America, 342 U.S. 246, 72 S.Ct. 240, 96 L.Ed. 288; Reynolds v. United States, 98 U.S. 145, 25 L.Ed. 244.
 
 [4]
 

 We conclude that the word “Intentional” and the phrase “With Inten
 
 *485
 
 tion” in the Louisiana Obscenity Statute mean that knowledge is implied where one has criminal intent. It leaps to the mind that knowledge is necessary to intention
 
 [5]
 
 and that one cannot have intention without knowledge. We find that Paragraph Two of LSA-R.S. 14:106 meets the requirements laid down in the Smith case (361 U.S. 147, 80 S.Ct. 215, 4 L.Ed.2d 205, rehearing denied 361 U.S. 950, 80 S.Ct. 399, 4 L.Ed. 2d 383) : the section of the Municipal Code of Los Angeles under consideration in that case made no mention of “Intent,” “Intention,” or “Intentionally.” The Los Angeles Municipal Code condemned the mere possession of obscene matter; the instant statute requires that the possession be intentional and with intention to display, exhibit, or sell it.
 

 “Many decisions have recognized that these terms of obscenity statutes are not precise. This Court, however, has consistently held that lack of precision is not itself offensive to the requirements of due process. ‘ * * * The Constitution does not require impossible standards’; all that is required is that the language ‘conveys sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices * * *.’ United States v. Petrillo, 332 U.S. 1, 7-8, 67 S.Ct. 1538, 1542, 91 L.Ed. 1877. These words, applied according to the proper standard for judging obscenity, already discussed, give adequate warning of the conduct proscribed and mark ‘ * * * boundaries sufficiently distinct for judges and juries fairly to administer the law * * *. That there may be marginal cases in which it is difficult to determine the side of the line on which a particular fact situation falls is no sufficient reason to hold the language too ambiguous to define a criminal offense * * * ’ Id., 332 U.S. at page 7, 67 S.Ct. at page 1542. * * * ” Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1312, 1 L.Ed.2d 1498.
 

 “The articles of this Code cannot be extended by analogy so as to create crimes not provided for herein; however,
 
 in order to promote justice and to effect the objects of the law, all of its provisions shall be given a gemiine construction, according to the fair import of their words, taken in their usual sense, in connection with the context, and with reference to the purpose of the provision.”
 
 (Emphasis ours.) LSA-R.S. 14:3.
 

 The words of the instant statute have a well defined and a common accepted
 
 *487
 
 meaning and are not vague. See, State v. Evans et al., 214 La. 472, 38 So.2d 140; State v. Roth, 226 La. 1, 74 So.2d 392; Roth v. United States, supra.
 

 We find no merit in defendant’s contention that the Louisiana Obscenity Statute, Paragraph Two, violates the “Freedom of Speech” and “Due Process” provisions of the Federal and State Constitutions. The United States Supreme Court emphatically stated, in Smith v. People of the State of California, supra, [361 U.S. 147, 80 S.Ct. 218] “We have held that obscene speech and writings are not protected by the constitutional guarantees of freedom of speech and the press. Roth v. United States, 354 U.S. 476, 77 S.Ct. 1304, 1 L.Ed.2d 1498. * * *” The Court further said, in a footnote to the statement, “In the Roth opinion there was also decided Alberts v. California, which dealt with the power of the States in this area.”
 

 The actual obscenity of the publications allegedly intentionally possessed by the defendant will be a question of fact for the trial court’s determination. The criminal intent or guilty knowledge of the defendant will also be a question of fact for the trial court’s determination. State v. Birdsell, 232 La. 725, 95 So.2d 290.
 

 We find that LSA-R.S. 14:106(2) is not in violation of the First and Fourteenth Amendments to the United States Constitution and Article I, Section 3, and Article I, Section 2, of the
 
 Constitution
 
 of Louisiana; it is constitutional and valid.
 
 [6]
 

 For the reasons assigned, the judgment of the trial court, quashing the bill of information herein filed against the defendant, Maurice L. Roufa, and discharging the defendant without date, is reversed and set aside; and, it is now ordered that the cause be remanded for trial.
 

 [1]
 

 . The pertinent part of the information reads as follows: “ * * * that one Maurice Roufa * * * on the second day of March in the year of our Lord, one thousand nine hundred and sixty * * * did wilfully and unlawfully possess with the intention to display and exhibit, obscene, lewd, lascivious, filthy and sexually indecent prints and pictures contrary to the form of the statute of the State of Louisiana * * * ”
 

 [2]
 

 . Act 199 of 1960 (approved June 30, 1960) amended and re-enacted the Obscenity Statute to read:
 

 “Obscenity is the intentional: * * *
 

 “(2) Production, sale, exhibition, gift, or advertisement with the intent to primarily appeal to the prurient interest of the average person, of any lewd, lascivious, filthy or sexually indecent written composition, printed composition, book, magazine, pamphlet, newspaper, story paper, writing, phonograph record, picture, drawing, motion picture film, figure, image, wire or tape recording or any written, printed or recorded matter of sexually indecent character which may or may not require mechanical or other means to be transmitted into auditory, visual or sensory representations of sucli sexually indecent character.”
 

 [3]
 

 . Art. I, Sec. 2, La.Const. of 1921, LSA, recites: “No person shall be deprived of life, liberty or property, except by due process of law. Except as otherwise provided in this Constitution, private property shall not be taken or damaged except for public purposes and after just and adequate compensation is paid.”
 

 Art. I, Sec. 3, La.Const. of 1921, reads: “No law shall ever be passed to curtail or restrain the liberty of speech or of the press; any person may speak, write and publish his sentiments on all subjects, being responsible for the abuse of that liberty.”
 

 [4]
 

 . A reference to Vol. 22 Words and Phrases, Intent, Knowledge implied, p. 13, and Intentionally, Knowingly, p. 35, will disclose that “Intent,” “Intentionally,” and “Knowledge,” are combinations of words.
 

 [5]
 

 . As far back as October, 1901, in the case of Northwestern Benev. Soc. of City of Duluth v. Dudley, 27 Ind.App. 327, 61 N.E. 207, 208, Judge Comstock of the Appellate Court of Indiana stated, “Knowledge is necessary to intention, * * ‡>»
 

 [6]
 

 . The Motion to Quash avers that the statute under which defendant was charged has been declared unconstitutional by the Supreme Court of Louisiana. Counsel is in error. Only Paragraph Three of LSA-R.S. 14:106 was dedared unconstitutional in the case of State of Louisiana v. Christine, 1960, 239 La. 259, 118 So.2d 403, it was amended and re-enacted as Paragraph Pour of LSA-R.S. 14:106 by Act 199 of 1960 (approved June 30, 1960).