292 So.2d 212 (1974)
STATE of Louisiana
v.
Jimmy Charles CURRY.
No. 53340.
Supreme Court of Louisiana.
March 25, 1974.
*213 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Woodrow W. Erwin, Dist. Atty., Julian J. Rodrigue, Asst. Dist. Atty., for plaintiff-appellee.
John W. Greene, Burns, Greene & Farmer, Covington, for defendant-appellant.
SANDERS, Chief Justice.
Jimmy Charles Curry, the defendant, was indicted for the murder of Ricky Acosta by the St. Tammany Parish Grand Jury on November 7, 1969. The defendant entered pleas of not guilty and not guilty by reason of insanity.
The District Court appointed a lunacy commission and, in due course, determined that the defendant was sane and able to assist in his own defense. On the day of trial, November 13, 1972, the defendant withdrew his plea of not guilty by reason of insanity, but maintained his plea of not guilty.
The trial jury returned a verdict of "guilty without capital punishment or benefit of parole, probation, commutation or suspension of sentence." The court sentenced the defendant to life imprisonment without benefit of parole, probation, commutation, or suspension of sentence.
The defendant appealead his conviction and sentence. In a Per Curiam decision, State v. Curry, La., 277 So.2d 654 (1973), this Court set aside the original sentence, which had been imposed before the expiration of the mandatory delay in Article 873 of the Code of Criminal Procedure, and remanded the case for resentencing "in conformity with the law". The district judge resentenced the defendant to "life imprisonment." The defendant now appeals his conviction and sentence, relying on two bills of exceptions.
The crime charged, the murder of Ricky Acosta, a 5-year old boy, is brutal and revolting. According to the State's theory of the case, Jimmy Charles Curry, armed with a shotgun, raped Mrs. Mildred Acosta in the presence of her young sons, Chris and Ricky. He then killed the two sons and mother by shooting them with the shotgun. The bodies were covered with straw and left in a wooded area, where they were later discovered.

BILL OF EXCEPTIONS NO. 1
The defendant reserved Bill of Exceptions No. 1, when the trial judge allowed the State to introduce in evidence two photographs of Ricky Acosta's body. The photographs were taken while the body was on the autopsy table, but prior to the autopsy itself. In Black and White, one photograph shows the body of a young boy with portions of the lower jaw and right chest blown away; the other, taken of the back of the body, shows a large wound on the right shoulder.
*214 Defendant contends that these photographs are gruesome and inflammatory and should have been barred from evidence.
The test of admissibility is whether the probative value of the photographs outweighs their probable prejudicial, inflammatory effect. The circumstance that the photographs are gruesome does not of itself render them inadmissible. State v. Gibson, La., 271 So.2d 868 (1973); State v. Hall, 256 La. 336, 236 So.2d 489 (1970); State v. Alexander, 252 La. 564, 211 So.2d 650 (1968); State v. Morris, 245 La. 175, 157 So.2d 728 (1963).
There can be no doubt that the photographs had substantial probative value in the present case. They were relevant to the identification of the victim, as the subject of the autopsy, and the cause of death.
Identification of the victim in the present case assumed more importance because of the circumstance that the victim's brother was also killed at the same time. Neither Dr. A. V. Friedricks, the pathologist who performed the autopsy, nor Dr. Thomas J. Healy, the Parish Coroner, was acquainted with the victim. Deputy Sheriff Charles E. Dillon, who was acquainted with the Acosta family, identified the body in the photographs as that of Ricky Acosta.
The photographs also showed the nature of the wounds and corroborated the expert testimony as to the cause of death.
The present photographs are not in color and, though they show the wounds, they show only smudges of the dried blood. They are, of course, unpleasant. Because of their probative value, the trial judge, in our opinion, did not err in admitting them into evidence.
The defendant relies upon State v. Morgan, 211 La. 572, 30 So.2d 434 (1947). In State v. Collins, 242 La. 704, 138 So.2d 546 (1962), quoting State v. Solomon, 222 La. 269, 62 So.2d 481 (1952), we stated, "State v. Morgan is to be regarded asindeed it isa case of most unusual circumstances." It is distinguishable from the present case, because the court there found that "the introduction of the photographs in evidence was not at all necessary or relevant to any fact at issue."
We conclude that the bill of exceptions lacks merit.

BILL OF EXCEPTIONS NO. 2
The defendant reserved Bill of Exceptions No. 2 on May 14, 1973, at the time that the trial judge resentenced him to "life imprisonment."
The defendant's argument is as follows:
"The jury's vedict was `Guilty without capital punishment or benefit of parole, probation, commutation or suspension of sentence.' The trial court erroneously sentenced defendant to `Life Imprisonment.' The verdict simply does not support the sentence. Therefore, appellant suggests that this sentence constitutes reversible error."
The jury verdict of guilty without capital punishment or benefit of parole, probation, commutation or suspension or sentence was apparently based on the judge's charge to the jury, using the 1972 amendment to Article 817 of the Louisiana Code of Criminal Procedure. The defense made no objection to the charge at the time given, nor was a bill of exceptions reserved.
On remand of the case for the imposition of a legal sentence, the trial judge obviously recognized that the 1972 amendment did not apply to the present crime, committed in 1969; hence, he properly eliminated the condition banning parole and commutation.
The intent of the jury to return a verdict of guilty without capital punishment is quite clear from the language used. See State v. Flanakin, 128 La. 455, 54 So. 940 (1911). That verdict provides an adequate basis for a sentence of life imprisonment. *215 The only change made by the trial judge was to eliminate the illegal condition, and that change was favorable to the defendant.
We conclude that this bill of exceptions, reserved to the sentence, is without merit.
For the reasons assigned, the conviction and sentence are affirmed.