SUMMERS, Justice.
Frankie Morrison, Hilton Joseph Wright, Eddie Johnson, and Tom Normand were jointly charged in a bill of information with simple burglary of the building at 6445 General Meyer Street, belonging to Kermit Benn, with intent to commit a theft therein. Wright and Normand pleaded guilty as charged; Johnson pled guilty to attempted burglary. Frankie Morrison was tried, convicted and sentenced to serve eighteen years at hard labor in the State Penitentiary as a multiple offender.
On this appeal Morrison relies upon two bills of exceptions for reversal of his conviction and sentence.

Bill 1

During the trial at the close of the State’s case, this bill was reserved when the prosecutor was allowed, over defense objection, to introduce Exhibit S-8 into evidence. The evidence consisted of a tire tool, a cargo hook and a red bandanna. The objection is based upon the failure of the State to properly establish the identity of the objects.
Although no reference is made in the bill of exceptions to the portions of the record relied upon to support this bill, a complete transcript of the proceeding in the trial court is in the record. From the testimony of Kermit Benn, the owner of the burglarized store, we learn that upon entering his store after the commission of the crime he saw the tire tool, cargo hook and red bandanna on the floor. These objects did not belong to him and were not there when he closed the store the evening before. Later, while the defense was presenting its case, one of the confessed burglars, Tom Normand, testified that the handkerchief, lug wrench and hook belonged to him, and he had them with him on the night of the burglary.
The burglary tools and bandanna handkerchief were, under these circumstances, admissible in evidence to prove the commission of the crime. The testimony of Benn and Normand, adequately supplied the identification and connexity which the law requires.
So long as the objects offered in evidence are shown by a preponderance of the evidence to have some relevance — that is, some logical or rational connection with a fact sought to be proved in the case, the weight of this evidence is a matter to be determined by the trier of fact. State v. Vassel, 285 So.2d 221 (La.1973); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971); State v. Dillon, 260 La. 215, 255 So.2d 745 (1971); State v. McQueen, 257 La. 684, 243 So.2d 798 (1971); State v. Coleman, 254 La. 264, 223 So.2d 402 (1969).

Bill 2

Tom Normand, one of the confessed burglars, testified for the defense. According to his testimony, although Morrison accompanied the burglars to Benn’s store on the night of the burglary, Morrison was completely ignorant of the fact that a burglary was being perpetrated because he was drunk and fast asleep in the getaway car at the time. While Normand was being cross-examined by the State, the following took place:
“BY MR. WIMBERLY: (Ass’t. District Attorney)
Q. Narcotics is your bag, right?
A. Right.
Q. And you’ve been — how many times have you been convicted of selling narcotics ?
A. Once.
Q. And how many times have you been convicted of possessing narcotics?
A. Once.
*288 BY MR. JOHNSON: (Defense Counsel) ,
Your Honor, I m going to object to this line of questioning. The man’s already testified he was at Angola—
BY THE COURT:
Your objection is overruled. It’s proper cross-examination. He has a right to ask him about all his prior convictions.”
Bill 2 was reserved to the ruling. The argument of the defense is that the statutes relating to impeachment of a witness’ credibility (La.R.S. 15:490, 15:494 and 15:495) limits cross-examination to those matters which bear directly on the credibility of the witness or the guilt or innocence of the defendant in a manner which will not allow collateral, inflammatory, or irrelevant testimony to prejudice the jury. State v. Beach, 279 So.2d 657 (La.1973) is relied upon to support the defense position.
In addition to the fact that the objection came too late, after the witness had answered the questions, and the judge was not given an opportunity to rule on the issue presented by the objection until after the fact, La.Code Crim.Proc. art. 841; State v. Evans, 249 La. 861, 192 So.2d 103 (1966); State v. Goins, 232 La. 238, 94 So.2d 244 (1957), cert. denied, Goins v. State of Louisiana, 355 U.S. 847, 78 S.Ct. 74, 2 L.Ed.2d 57; State v. Carter, 167 La. 1080, 120 So. 864 (1929), Section 495 of Title 15 of the Revised Statutes clearly permits the introduction of evidence of prior convictions for the purpose of impeaching the witness’ credibility.
Whether the questions and answers objected to were relevant to the State’s right to show prior conviction, or whether they were inflammatory or irrelevant is to be tested by whether the proffered evidence is connected with the crime charged or whether it tends to sustain or impeach a pertinent hypothesis. A pertinent hypothesis is one which, if sustained, will logically influence the issue. State v. Birdsell, 232 La. 725, 95 So.2d 290 (1957).
Showing the nature of the crime for which the witness was admittedly incarcerated in the penitentiary does not transcend the bounds of relevancy and materiality. The bill has no merit.
For the reasons assigned, the conviction and sentence are affirmed.