EDWARDS, J.,
dissenting.
|,I dissent from the majority opinion. To convict a defendant, the State must show criminal intent. No crime can exist without the combination of a criminal act and a criminal intent, or an evil motive, or with a guilty knowledge of its consequences.[8] Criminal intent may be specific or general. Possession of drugs is a general intent crime, the definition of which is set forth in La. R.S. 14:10(2) as follows: “General criminal intent is present whenever there is specific intent, and also when *733 the circumstances indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.” I find the State has utterly failed to prove any rational criminal intent necessary to obtain a conviction.
To find criminal intent, the majority opinion uses the fact that Blazio, a resident of New Orleans, was found in Jefferson Parish at a late hour. The State must prove more than the fact that a man was out late in order for the jury to rationally infer criminal intent. Further, the opinion emphasizes that Blazio’s mother-in-law was the alleged holder of the valid prescription, not Blazio. That ignores the point that Blazio never contended he had a valid prescription. He and his mother-in-law always stated that the pills were hers, obtained through a valid prescription, and that they were in a travel pack for convenience.
The majority opinion states, and I agree, that “juries are not required to abandon common sense and life experiences when they enter a jury room.” ^According to common sense and common life experiences, it is often easier to carry prescription medication in a travel pack. Further, it is hardly unusual for one family member to carry medication for another. That, too, in my view, is within the realm of common sense and life experiences. I will not hold that helping an elderly relative constitutes circumstances that indicate that the offender, in the ordinary course of human experience, must have adverted to the prescribed criminal consequences as reasonably certain to result from his act or failure to act.
I would reverse the conviction.

. State v. Roufa, 241 La. 474, 129 So.2d 743, 746-47 (La.1961).