278 So.2d 130 (1973)
STATE of Louisiana
v.
McArthur DAVIS.
No. 53070.
Supreme Court of Louisiana.
May 7, 1973.
Anderson, Leithead, Scott, Boudreau & Savoy, Robert J. Boudreau and Edward D. Myrick, Lake Charles, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., LeRoy A. Hartley, Sp. Asst. Atty. Gen., Frank T. Salter, Jr., Dist. Atty., Charles W. Richard, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice:
The defendant, MacArthur Davis, was convicted after a trial by jury of distributing a controlled dangerous substance drug, heroin, in violation of R.S. 40:971(a)(1). He was sentenced to serve twenty-five years in the Louisiana State Penitentiary and on this appeal relies upon two bills of exceptions reserved and perfected in order to obtain reversal of his conviction and sentence.
Before a consideration of the bills reserved, we note that the minutes of court reflect that sentence was imposed prior to the expiration of the mandatory three-day period between conviction and sentence as required in Article 873, Code of Criminal Procedure. The defendant was found guilty on October 24, 1972, by jury verdict, and *131 sentence was imposed on October 27, 1972. No waiver of the delay appears either in the minute entry or in the record.
Article 873 C.Cr.P. provides that: "If a defendant is convicted of a felony, at least three days shall elapse between conviction and sentence. * * *"
The computation of time for delays or other acts provided for in Article 13 C.Cr. P. has been interpreted in State v. Augustine, No. 52,517, Nov. 28, 1972, in regard to the three-day delay between conviction and sentence contained in Article 873 C. Cr.P. It was there concluded that the statutory intent reflected in Article 873 is that after the date of the sentence, three days must elapse before the sentence may be imposed. Thus, in Augustine, since the date of conviction was May 24 and the sentence was imposed on May 27, this Court held it was prematurely imposed, annulled the sentence and remanded the case for resentencing.
Article 920(2) permits review by this Court of any error that is discoverable by a mere inspection of the pleadings and proceedings and without inspection of the evidence.
The error hereinabove noted is patent on the face of the record. Accordingly, we take notice of same ex proprio motu.
For the reasons assigned, the sentence is annulled and set aside, and the case is remanded to the Fourteenth Judicial District Court for the Parish of Calcasieu for resentencing in conformity with law.
CALOGERO, J., concurs with reasons.
BARHAM, J., dissents and assigns reasons.
CALOGERO, Justice (concurring):
The bill of information in the instant case recites that McArthur Davis "... did unlawfully distribute a certain controlled dangerous substance, viz: (heroin, in violation of LSA R.S. 40:971(a)(1)..."
The statute under which the accused was charged reads
"... Except as authorized by this subpart, it shall be unlawful for any person knowingly or intentionally:
(1) To ... distribute ... a controlled dangerous substance" (Emphasis added)
The statute makes it a crime to "knowingly or intentionally" distribute a controlled dangerous substance. My interpretation thereof is that an element of the crime is guilty knowledge, i. e., knowledge that the substance is a controlled dangerous substance. The terms knowingly or intentionally were used by the legislature to describe the necessary element of guilty knowledge, and not to require that specific intent be an element thereof.
The act proscribed is "knowingly to distribute a controlled dangerous substance." No specific intent other than the doing of the act is necessary. For example, it is not necessary that the distribution be with the intent to receive money. It is only necessary that the act be done with the general criminal intent to evade the law. That is, it must be done with guilty knowledge as is required in any other crime where no specific intent other than the doing of the act is necessary.[1]
Therefore, no objection to the bill of information in the instant case will lie on the ground that the bill of information is defective *132 in failing to recite that the distribution was "intentional" La.C.Cr.P. Art. 472 provides:
"In offenses requiring only a general criminal intent, the indictment need not allege that the act was intentionally done."
I now consider the question of the sufficiency of the indictment in the context of its failure to recite that the distribution was with guilty knowledge or "knowingly."
Louisiana Constitution, Art. 1, Sec. 10 requires that
"In all criminal prosecutions, the accused shall be informed of the nature and cause of the accusation against him..."
In the instant case the accused was informed that he "did unlawfully distribute a certain controlled dangerous substance, viz: heroin, in violation of LSA R.S. 40:971(a)(1)..." on a given date.
To hold that this information does not comply with the constitutional provision above merely for the reason that the word "knowingly" is not included therein would result in subjecting the system of criminal justice to undue technicality.
I find that the bill of information in the instant case complies with the constitutional provision. The defendant was informed of the nature and cause of the accusation against him.
For the reasons expressed herein, I concur in the majority opinion.
BARHAM, Justice (dissenting).
Upon examination of the pleadings and proceedings the majority has noted error because of which it has annulled the sentence and remanded for resentencing. I have noted another patent error which in my view invalidates both conviction and sentence.
The bill of information charges simply that the defendant did "unlawfully distribute a certain controlled dangerous substance, viz: heroin, in violation of LSA R.S. 40:971(a)(1) * * *". It fails to charge that the defendant "knowingly" or "intentionally" or "knowingly and intentionally" distributed the substance. I am of the opinion that the bill of information is defective since scienter is an essential element of the crime.
I respectfully dissent for the reasons assigned in my dissenting opinion in State v. Scott, La., 278 So.2d 121, this day decided.
NOTES
[1] On the other hand, see the crime of possession with intent to distribute (LSA R.S. 40:968(A) which is an independent crime from that of possession (LSA R.S. 40:968(C)) and calls for a more severe sentence. This crime clearly requires a specific intent, i. e., the intent to distribute. An indictment reciting that the accused possessed a controlled dangerous substance would, of course, be insufficient to charge him with possession with intent to distribute, because the specific intent element is not alleged.