315 So.2d 286 (1975)
STATE of Louisiana, Appellee,
v.
Jimmy Ray MALMAY, Appellant.
No. 55885.
Supreme Court of Louisiana.
June 23, 1975.
Rehearing Denied July 25, 1975.
James B. O'Neill, Many, for appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., James Lynn Davis, Dist. Atty., for appellee.
TATE, Justice.
The defendant Malmay, age 21, was convicted of distribution of marijuana to a 16-year-old minor, La.R.S. 40:966, subd. A, 981, subd. B, and sentenced to fifteen years at hard labor. On his appeal, he relies upon ten assignments of error. We find no merit to any of them and, accordingly, affirm.
*287 Our reasons for denying reversible merit to any of the assignments are as follows:
Assignments 1, 1A, and 2:
The defendant complains of the state's failure to furnish him particulars, in response to his motion, of the quantity and form of the marijuana which he was alleged to have given to the minor, and of the actual time of day and the location in the parish of the alleged offense. Upon the state's refusal to furnish this information in response to his motion for a bill of particulars, the defendant filed a motion to quash the bill of information as failing to inform him of the nature and cause of the charge against him with sufficient certainty to enable him to prepare his defense.
The request for such information was not frivolous. The evidence shows that the defendant and the minor had been together twice during the day, once downtown and then later at the minor's brother's home. A cigarette had been exchanged on the first occasion. (As to that, the defendant's defense, not accepted by the jury, was that a marijuana cigarette hidden by the minor and introduced into evidence was not the cigarette he had earlier obtained from the defendant.)
In the preparation of his defense, the defendant, subject to imprisonment at hard labor for up to twenty years, desired to know more specifically exactly what transaction he was charged with in connection with the minor's acquisitions of marijuana. The evidence reveals that the minor had been smoking marijuana for some time, not necessarily acquired from the defendant.
Nevertheless, our prior jurisprudence does not regard as reversible error the failure to furnish such information to an accused prior to trial. State v. Devore, 309 So.2d 325 (La.1975); State v. Thomas, 290 So.2d 317 (La.1974).
Assignment 6:
The state chemist analyzed a cigarette as marijuana. She stated she had received it in an envelope from a deputy, who had testified that he had received the envelope from the arresting officer and had given it to the chemist for analysis. The arresting officer testified that he had seized a cigarette which the minor had hidden in his brother's home, had placed it in an envelope, had marked the envelope, and had given the envelope to the deputy for delivery.
Based on the circumstance that the envelope had upon objection not been admitted into evidence, the defendant now contends that the chain of custody was insufficiently proven.
We do not agree. Sufficient connexity was shown to justify the jury's factual determination that the cigarette, identified by the state chemist as containing marijuana, was the same cigarette as that seized by the arresting officer and transmitted via the deputy to the state chemist. State v. Dotson, 260 La. 471, 256 So.2d 594 (1971). Other evidence which the jury could reasonably accept indicated that the cigarette seized by the arresting officer had been given by the minor by the accused.
We find no merit to this assignment.
Assignments 7, 8, 9: The major thrust of these assignments is that, because the marijuana cigarette should have been excluded, there is no evidence of the offense properly in the record; and, therefore, the trial court incorrectly denied motions for directed verdict, in arrest of judgment, and for new trial. The latter two motions are also directed at the failure of the State to afford the defendant sufficient information of the charge against him to enable him to defend himself. Since we have previously rejected the basis of both these contentions, we do not discuss further these assignments, which are without reversible merit.
Assignments 3, 4, and 5 involve the denial of motions for mistrial because of *288 responses by a witness or because of the alleged failure of the prosecutor's opening statement to include the name of the defendant (it referred to him as "the defendant"). Suffice it to say, the drastic remedy of a mistrial was not warranted by the non-prejudicial alleged deficiencies complained of. La.C.Cr.P. art. 775.
Assignment 10: After the verdict, the defendant by this assignment charges that the bill of information was fatally defective. He contends that it failed to charge him with scienter (guilty knowledge), allegedly an essential element of the crime.
The bill of information does not, in fact, charge the accused with either knowingly or intentionally distributing the marijuana to a minor.
No real surprise or prejudice is shown by the alleged technical defect in formally charging that the defendant either "knowingly or intentionally" distributed the marijuana to the minor. Broadly construed (including the bill of information's reference to the charge as being a violation of La.R.S. 40:966, subd. A, see State v. Russell, 292 So.2d 681 (La.1974)), there is no doubt of the offense charged by the information, both for purposes of pre-trial notice as well as for subsequent double-jeopardy purposes.
We have held that, under such circumstances, a post-trial attack upon the technical sufficiency of an indictment (information) will be rejected, if first raised after the verdict and thus after the state can correct the technical insufficiency. State v. James, 305 So.2d 514 (La.1974). That rule here applies.

Decree
For the reasons assigned, we affirm the conviction and sentence.
Affirmed.
BARHAM, J., dissents with reasons.
BARHAM, Justice (dissenting).
The bill of information which provides the basis for this 21-year-old defendant's prosecution simply charges that he distributed marijuana to a minor and shows on its face that the minor is at least three years the defendant's junior. Nowhere does the information charge that the defendant "knowingly or intentionally" distributed marijuana, notwithstanding the fact that these adverbial modifiers amount to essential elements of the crime proscribing distribution because guilty knowledge is an essential element of possession and distribution crimes. Since the decision in State v. Johnson, 228 La. 317, 82 So.2d 24 (1955), this Court has repeatedly stated that possession and distribution of illegal drugs "* * * as denounced by law cannot exist without proof of guilty knowledge * * *." State v. Johnson, supra, at 30.[1]See, e. g., State v. Kreller, 255 La. 982, 233 So.2d 906 (1970).
In criminal prosecutions dealing with controlled dangerous substances, the required intent comprehends guilty knowledge. Accord, State v. Barnes (on original hearing), 257 La. 1017, 245 So.2d 159 (1971). "* * * [K]nowledge is necessary to intention and * * * one cannot have intention without knowledge. * * *" State v. Roufa, 241 La. 474, 129 So.2d 743, 747 (1961). In the instant case, the State does not even charge a "willful" *289 or "unlawful" act, as was done in State v. Scott, 278 So.2d 121 (La.1973) and State v. Davis, 278 So.2d 130 (La.1973). See State v. Scott, supra (dissenting opinion) and State v. Davis, supra (dissenting opinion).
The erosion of a criminal defendant's constitutional right to be "informed of the nature and cause of the accusation against him," guaranteed by our state constitution, began with the Court's decision in State v. Scott, supra.[2] The Scott case approved the omission of the words "knowingly" or "intentionally" from an indictment charging a drug offense and deemed sufficient a charge of "unlawful" distribution. In State v. James, 305 So.2d 514 (La.1974), a case which deals with another aspect of the sufficiency of indictments, a majority of this Court effectively deprived criminal defendants of their fundamental constitutional right to be informed of the nature and the cause of the accusations against them by dispensing with the requirement that the contents of an indictment conform to the definition of the crime which the indictment purports to charge. See State v. James, supra (dissenting opinion).
The result reached in cases such as James, supra, and the instant case clearly illustrates what happens to our constitutional rights when relaxation of the rules and procedures designed to implement those rights occurs. In a time when the State's duties vis a vis a criminal defendant's rights should be fully recognized and acknowledged, the majority of this Court absolved the State of the responsibility of correctly charging an accused and shifts to the defendant the responsibility of obtaining a correct indictment by means of affirmative and timely action. See the majority opinion at p. 288. See also, State v. James, supra, at 518.
For the above stated reasons, I respectfully dissent.
NOTES
[1] In numerous drug cases wherein the prosecution sought to introduce evidence of offenses similar to, but distinct from, the one for which the accused was being tried, evidence of such acts was introduced under La.R.S. 15:446. The Court has repeatedly upheld the admission of such evidence under the theory that it tended to prove guilty knowledge, which was recognized to be an essential element of the drug crimes. See, e. g., State v. Brown, 288 So.2d 339 (La.1974).
[2] This right is guaranteed by La.Const. Art. I, § 13 (1974) (La.Const. Art. I, § 10 (1921)) and implemented through La.C.Cr.P. art. 464, which reads, in pertinent part:

"The indictment shall be a plain, concise, and definite written statement of the essential facts constituting the offense charged. * * *" (Emphasis supplied.)