336 So.2d 793 (1976)
STATE of Louisiana
v.
Corrine GORDON.
No. 57593.
Supreme Court of Louisiana.
June 21, 1976.
Rehearing Denied September 10, 1976.
*794 William H. Slaughter, III, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Asst. Dist. Atty., for plaintiff-appellee.
MARCUS, Justice.
Corrine Gordon was charged by bill of information with intentionally maintaining the place No. 330 Exchange Alley, Suite 401, in the City of New Orleans where prostitution is habitually practiced, in violation of La.R.S. 14:84(2) (pandering). After trial by jury, she was found guilty as charged and was subsequently sentenced to serve three years at hard labor and to pay $60.00 court costs, or in default thereof to serve thirty days in parish prison. On appeal, she relies upon five assignments of error for reversal of her conviction and sentence.

ASSIGNMENTS OF ERROR NOS. 1, 3 AND 4
Defendant contends that the trial judge erred in permitting testimony of sexual acts on days other than that charged in the bill of information and without notice as required by State v. Prieur, 277 So.2d 126 (La. 1973).
An employee of defendant testified that she had sexual intercourse for compensation at defendant's place of business (massage parlor) on the date charged in the bill of information (January 2, 1975). She also testified to having performed sexual acts on other occasions during the period of her employment. She stated that defendant was well aware of her activities and shared in the compensation paid therefor.
Pandering is defined in La.R.S. 14:84 (2) as intentionally "[m]aintaining a place where prostitution is habitually practiced." (Emphasis added.) La.R.S. 14:82 provides that prostitution is the practice by a female of indiscriminate sexual intercourse with males for compensation. More than one act of prostitution must be offered to prove that the prostitution is "habitually practiced." The habitual nature of the prostitution is an essential element of the crime charged. Therefore, the testimony relating to the sexual acts performed at defendant's massage parlor on dates other than the one charged in the bill of information was admissible as part of the crime charged. No Prieur notice was required. Assignments of Error Nos. 1, 3 and 4 are without merit.

ASSIGNMENT OF ERROR NO. 5
Defendant contends that the trial judge erred in denying her motion for directed verdict of acquittal. She claims that there is no evidence of sexual intercourse or that it was habitually practiced.
There is no merit to this contention. This court can find error in the trial judge's denial of a motion for directed verdict and reverse the conviction only when there is no evidence of the crime or an essential element thereof. La.Code Crim.P. art. 778 (1966).[1]State v. Douglas, 278 *795 So.2d 485 (La.1973). In the instant case, the witness-employee testified that she performed acts of sexual intercourse at defendant's massage parlor where she was employed on the date charged in the bill of information (January 2, 1975), as well as on other occasions. Thus, there was some evidence that prostitution was habitually practiced at a place maintained by defendant.
Defendant alternatively argues that we should review the sufficiency of the evidence, citing article 1, section 19 of the Constitution of 1974. We find no merit in this contention. In criminal cases, the scope of this court's appellate jurisdiction extends only to questions of law. La. Const. art. 5, § 5(C) (1974). Sufficiency of the evidence is a question of fact. The jurisprudence is uniform in holding that this court is without jurisdiction to pass on the sufficiency of the evidence in a criminal case.
Assignment of Error No. 5 is without merit.

ASSIGNMENT OF ERROR NO. 6
Defendant contends that the trial judge erred in denying her motion in arrest of judgment grounded on an alleged defective indictment. She contends that the bill of information is contradictory in that it first states that the offense occurred on January 2, 1975 and then goes on to state "where prostitution is habitually practiced."
The bill of information charges that:
. . . Corrine Gordon . . . on the second day of January in the year of our Lord, one thousand nine hundred and seventy-five . . . did unlawfully and intentionally maintain the place. . . where prostitution is habitually practiced, contrary to . . . .
In a criminal prosecution, an accused shall be informed of the nature and cause of the accusation against him. La.Const. art. 1, § 13 (1974). The above indictment charges defendant with the crime of pandering under La.R.S. 14:84(2), which provides:
Pandering is the intentional:
. . . . . .
(2) Maintaining a place where prostitution is habitually practiced; or
. . . . . .
The indictment charges that defendant on January 2, 1975 did unlawfully and intentionally maintain a place where prostitution is "habitually" practiced. This clearly informed defendant that she was being charged with a crime (pandering) on a particular day, which crime included habitualness as an essential element thereof. We find no contradiction in this allegation. Hence, there is no merit in defendant's contention that the bill of information is defective. Assuming arguendo that the indictment was "contradictory" as alleged, no showing of surprise or prejudice is made. Under these circumstances, defendant's failure to object to this alleged deficiency in the indictment before verdict constitutes a waiver of her right to complain. State v. Malmay, 315 So.2d 286 (La.1975); State v. James, 305 So.2d 514 (La.1974).
Assignment of Error No. 6 is without merit.

DECREE
For the reasons assigned, the conviction and sentence are affirmed.
DIXON, J., dissents, being of the opinion the statute on which the prosecution is based is unconstitutional.
NOTES
[1] Article 778 was amended by Act 527, section 1 of 1975 to limit a motion for acquittal to judge trials; however, this amendment was not effective at the time of this trial and is therefore inapplicable.