357 So.2d 1121 (1978)
STATE of Louisiana
v.
Robert H. MURRAY.
No. 60998.
Supreme Court of Louisiana.
April 10, 1978.
Rehearing Denied May 19, 1978.
*1122 Michael F. Barry, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Philip J. Boudousque, Asst. Dist. Atty., for plaintiff-appellee.
SANDERS, Chief Justice.
Defendant, Robert H. Murray, was charged with distribution of a controlled dangerous substance, Ethchlorvynol, a violation of LSA-R.S. 40:969. After a trial by the judge alone, defendant was found guilty as charged. Subsequently, the State charged defendant as a multiple offender under LSA-R.S. 15:529.1. The lower court found defendant to be a multiple offender and sentenced him to a term of twenty years in the custody of the Louisiana State Department of Corrections with credit for time served. On appeal, defendant relies upon three assignments of error for reversal of his conviction and sentence.
Defendant's arrest occurred in the following factual context:
Criminal Deputy Sheriff Finis Price contacted Criminal Deputy Sheriff William Sherman on December 30, 1975, and told him that he had a confidential informant who could arrange for Sherman to buy Ethchlorvynol from the defendant. These deputies, although members of the Orleans Parish Criminal Sheriff's Office, were assigned to the Drug Enforcement Administration of the New Orleans Police Department. Two deputies, Jefferson and Bordelon, watched Sherman while Sherman and the informant contacted defendant; drove with the informant to an area in uptown New Orleans; and made the "buy" from the defendant.
Deputy Sherman immediately turned the evidence over to Deputy Joseph Howard who recorded the drugs in the evidence book and put them in the evidence "safe" at Orleans Parish Prison. On February 18, 1976, Officer Brady of the drug abuse section of the New Orleans Police Department picked up the drugs from Deputy Sherman and took them to the crime laboratory for analysis.
Philip Aviles, criminalist for the New Orleans Police Department, produced the evidence at the trial and testified that it was the same that he had received from Officer Brady.

ASSIGNMENT OF ERROR NO. 1
Defendant alleges that the trial court erred in denying his "Motion to Exclude Physical Evidence" made during trial and erred in overruling his evidentiary objection to that evidence. In this assignment of error, defendant urges two grounds: ) that the "chain of custody" of the evidence was not sufficiently proven; and 2) that the deputies who participated in the December 30 surveillance and undercover operations were without authority to do so.
Defendant's first contention, that the "chain of custody" was not sufficiently proven, is without merit. The testimony of Officers Brady, Aviles, Sherman, and Howard, summarized above, affirmatively shows *1123 that the State fulfilled its burden of showing by a preponderance of the evidence that the evidence sought to be introduced is in fact that which was connected with the case. Defendant's argument goes to the weight to be given the evidence, not to its admissibility. State v. Mims, La., 330 So.2d 905 (1976); State v. Dotson, 260 La. 471, 256 So.2d 594 (1971).
Defendant's contention that the deputies who participated in the December 30 surveillance and undercover operations were without authority is insubstantial. Defendant concedes in brief that the controlled substance was not obtained in contravention of his constitutional rights. Since no constitutional rights were violated, the evidence is not subject to suppression under Article 703 of the Louisiana Code of Criminal Procedure. LSA-C.Cr.P. art. 703; State v. Garnier, 261 La. 802, 261 So.2d 221 (1972).
Defendant essentially argues that, because the New Orleans Police Department did not personally secure the evidence, it was illegally obtained. We know of no law that prohibits the deputies of the Criminal Sheriff from supplying evidence of narcotic violations to the New Orleans Police Department.
Assignment of Error No. 1 is without merit.

ASSIGNMENT OF ERROR NO. 2
Defendant alleges that the trial court erred in denying defendant's "Motion in Arrest of Judgment or, alternatively, Motion for a New Trial." These motions are based upon five grounds.
First, defendant alleges that the bill of information was deficient because it did not recite to whom the defendant sold the illegal drugs. The information filed against defendant charged that defendant "did wilfully and unlawfully distribute a controlled dangerous substance, to-wit: Ethchlorvynol" "on the thirtieth day of December in the year of our Lord, one thousand nine hundred and seventy-five[.]" This was sufficient to put the defendant on notice of the crime with which he was charged. In the present case, defendant, prior to trial, used his pre-trial discovery motions and had a preliminary hearing where Deputy Sherman testified. At no time prior to trial did defendant seek the name of the buyer by a bill of particulars, or move to quash the bill of information that charged him with distribution of the illegal drug. A technical deficiency in an indictment or information, which has caused no prejudice to defendant, may not be successfully raised after conviction. State v. Turner, La., 337 So.2d 1090 (1976); State v. Gordon, La., 336 So.2d 793 (1976); State v. Malmay, La., 315 So.2d 286 (1975); State v. James, La., 305 So.2d 514 (1974). Defendant's first contention is without merit.
Second, defendant alleges that the State never established that Ethchlorvynol was the same substance as placidyl. Officer Aviles' testimony shows that the substance bought from the defendant was tested for Ethchlorvynol and that the test showed the presence of the drug. This contention is without merit.
Third, defendant argues that his "defense of entrapment should have been maintained and defendant acquitted, since the evidence adduced at the trial affirmatively established that Deputy Sherman and his informant, `Lynn,' initiated and instigated the transaction." Entrapment is a factual defense on the merits, and since there is some evidence to support the trial court's obvious finding that entrapment did not occur, we will not consider the sufficiency of that evidence. State v. Bates, La., 301 So.2d 619 (1974); State v. Kelly, 263 La. 545, 268 So.2d 650 (1972); State v. Douglas, 256 La. 572, 237 So.2d 382 (1970). This argument is without merit.
Fourth, defendant again urges that the trial court erred in denying his motion to exclude the evidence. For the reasons stated above, this argument is without merit.
Fifth, defendant urges that the ends of justice would be served by granting him a new trial even if he is not entitled to one *1124 as a matter of strict legal right. There is no showing that the trial judge abused his discretion in refusing to grant a new trial; therefore, its ruling shall not be disturbed. State v. Credeur, La., 328 So.2d 59 (1976); State v. Ferguson, La., 307 So.2d 361 (1975).
Assignment of Error No. 2 is without merit.

ASSIGNMENT OF ERROR NO. 3
Defendant alleges that the trial court erred in refusing to quash the bill of information charging him as a multiple offender under LSA-R.S. 15:529.1 and erred in sentencing him under the provisions of LSA-R.S. 15:529.1.
Defendant argues that he should receive an enhanced penalty only under the provisions of LSA-R.S. 40:982, which provides penalties for second and subsequent violations of Louisiana's Controlled Dangerous Substance Law. The basis of his argument is that the provisions of LSA-R.S. 40:982 preclude sentencing under LSA-R.S. 15:529.1 because one of his prior convictions, enumerated in the multiple offender indictment, was a violation of Louisiana's Controlled Dangerous Substance Law.
The State argues that it has the option to proceed either under LSA-R.S. 15:529.1, the general statute for enhancement of penalties for multiple offenders, or under LSA-R.S. 40:982, the special statute dealing with enhanced penalties for multiple violations of Louisiana's Controlled Dangerous Substance Law.
LSA-R.S. 40:982 provides, in pertinent part:
"A. Any person convicted of any offense under this part, if the offense is a second or subsequent offense, shall be sentenced to a term of imprisonment that is twice that otherwise authorized or to payment of a fine that is twice that otherwise authorized, or both."
The prior offense included in the habitual offender charge is possession of amphetamines, a violation of LSA-R.S. 40:971. Hence, the defendant could have been charged under the Louisiana Controlled Dangerous Substance Law for a second offense. The bill of information, however, did not charge the distribution of Ethchlorvynol as a second offense. Hence, the prior offense could not be used to enhance the penalty under LSA-R.S. 40:982. See State v. Keys, La., 328 So.2d 154 (1976); State v. Bass, 254 La. 83, 222 So.2d 865 (1969); State v. Gerald, 250 La. 759, 199 So.2d 536 (1967).
Thus, the question presented is whether a prior narcotics felony, which has not enhanced the sentence under the Controlled Dangerous Substance Law, can serve as a basis for an enhanced sentence under the Habitual Offender Law, LSA-R.S. 15:529.1. We think so.
LSA-R.S. 15:529.1 refers generally to "a felony." It contains no restriction as to the type of felony. Its provisions may be invoked after conviction or after sentence within a reasonable time after the prior felony becomes known. State v. Maduell, La., 326 So.2d 820 (1976); State v. McQueen, La., 308 So.2d 752 (1975).
By statute, the district attorney is accorded wide discretion in determining when and how he shall prosecute LSA-C.Cr.P. art. 61. When more than one provision of the law applies, the district attorney has the discretion to elect which of the provisions to invoke. See, e. g., LSA-R.S. 14:4.
We discern no reason why this discretion should not apply to the use of the multiple offender procedures as long as the same offense is not used twice to enhance the penalty. See State v. Cox, La., 344 So.2d 1024 (1977); State v. Sanders, La., 337 So.2d 1131 (1976).
We conclude that the assignment of error lacks merit.
For the reasons assigned, the conviction and sentence are affirmed.
CALOGERO, J., concurs.

ON REHEARING
PER CURIAM.
Appellant in his application for rehearing properly points out that in our opinion we *1125 mistakenly related that the Orleans Parish Criminal Sheriff's deputies were assigned to the Drug Enforcement Administration of the New Orleans Police Department. Actually they were sheriff's deputies working what they perceived to be a sheriff's case who coincidentally were assigned to a task force, other components of which included the Drug Enforcement Administration of the United States Government and Narcotics Units of the New Orleans Police Department.
There is nonetheless no merit in the application for rehearing.
Accordingly it is denied.