494 So.2d 1251 (1986)
STATE of Louisiana, Appellee,
v.
George ROGERS, Appellant.
No. 17827-KA.
Court of Appeal of Louisiana, Second Circuit.
September 24, 1986.
*1252 Samuel Thomas, Tallulah, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, James David Caldwell, Dist. Atty., Tallulah, George F. Fox, Jr., Asst. Dist. Atty., Lake Providence, for appellee.
Before HALL, MARVIN and FRED W. JONES, Jr., JJ.
MARVIN, Judge.
George Rogers, a convicted felon, appeals his conviction by a jury of the crime of possession of firearms (LRS 14:95.1), arguing two assignments of error. One assignment complains of the State's failure to include in the bill of information a description of what was illegally possessed and when and where the possession(s) occurred. The other assignment questions the sufficiency of the evidence to convict.
We find no merit in either contention and affirm the conviction. We note that the sentence did not include the imposition of the fine which the statute requires, but we do not correct the sentence because the State did not seek supervisory review.[1] Compare State v. Fraser, 484 So.2d 122 (La.1986); State v. Booth, 347 So.2d 241 (La.1977); State v. Viera, 449 So.2d 644 (La.App. 4th Cir.1984), writ denied; State v. Samuels, 471 So.2d 883 (La.App. 2d Cir. 1985).

FACTS
In 1974, Rogers was sentenced to 18 years after pleading guilty to robbery in Arkansas. Arkansas transferred the supervision of his parole to Louisiana in 1979 *1253 to allow Rogers to return to his home in Lake Providence. Rogers would have remained a parolee until 1992.
The Arkansas conviction arose from defendant's use of a pistol in demanding and taking money from an Arkansas liquor store attendant. This conduct falls within Louisiana's definition of armed robbery, a felony. LRS 14:64.
Rogers was charged with having "possessed firearms ... on or about the __ day" of January, 1984, in violation of LRS 14:95.1.
A deputy sheriff of Chicot County, Arkansas, in 1974, testified that defendant was the same George Rogers who pleaded guilty to the Arkansas liquor store robbery charge in 1974 and who received the sentence of 18 years.
Two firearms were introduced into evidence. The first was a sawed-off shotgun with a silver plate bearing the initial "C." The second was a .38 caliber Winchester rifle with an octagonal barrel. Testimony about defendant's possession of these guns in 1984 came from several witnesses.
Troy Jackson testified that he saw Rogers possess the shotgun in January 1984. Jackson accompanied Rogers to the home of Demise Jones where Rogers obtained the shotgun to return to the site where Rogers had had a verbal altercation with another individual. When Rogers, Jones, and Jackson drove to the site where Rogers had argued, Rogers held the gun out of the truck in which they were riding and later returned it inside the truck. Jackson later agreed to keep the gun at his house for Rogers. Rogers then learned that Jackson had pawned the shotgun. After Jackson and Rogers redeemed the shotgun, Rogers pointed the gun at Jackson and threatened to kill him for "`selling' his stuff."
William Wright testified that he saw Rogers in possession of the shotgun in January 1984 at Jackson's house when Rogers was attempting to sell the shotgun.
Carl Coleman testified that he saw Rogers possessing the Winchester rifle in 1984 when Rogers offered to sell it to Coleman. In later April 1984, Coleman swapped Rogers some weight lifting equipment for the rifle. Coleman gave the rifle to the sheriff in July 1984 when he was asked whether he had anything that belonged to Rogers. The sheriff, whose testimony corroborated Coleman in this respect, kept the rifle until it was introduced into evidence.
On cross-examination, Coleman opined that the rifle was an antique, about 80 years old. Coleman did not know whether the rifle "worked" because he had never fired it. Coleman added that the "action" on the rifle, the hammer or whatever falls, was in working order and that he would not want someone to load it, cock it, and aim it at him.

ELEMENTS OF THE OFFENSE
LRS 14:95.1 prohibits the possession of a firearm by a person who has been convicted under the laws of any other state of a crime which, if committed in this state, would be armed or simple robbery. The statute removes the proscription if the person has not been convicted of any felony for a period of ten years from the date of completion of sentence, probation, parole, or suspension of sentence.
This crime has four essential elements: (1) status of defendant as a convicted felon; (2) possession by the defendant; (3) possession of an instrumentality which was a firearm; and (4) possession within a period of less than ten years from the date of completion of sentence, probation, parole or suspension of sentence for the felony conviction. State v. Mose, 412 So.2d 584 (La.1982); State v. Donald Williams, 366 So.2d 1369 (La.1978).

ASSIGNMENT NO. 1

ALLEGED DEFICIENCY IN BILL
The date or time and the place of commission of the offense need not be alleged in the bill of information unless they are essential elements of the offense. CCrP Arts. 468, 469. When the date is not essential to an offense, the bill of information will not be held insufficient if it does *1254 not state a proper date. The State is not restricted in its evidence to the date recited in the bill of information. State v. Glover, 304 So.2d 348 (La.1974).
In State v. Donald Williams, supra, the time of defendant's possession of a firearm was considered an essential element of the offense because the State must prove that the possession was within the period of time proscribed by the statute. Here, the State proved that the offense was committed before the expiration of ten years from Rogers' completion of sentence in Arkansas.
Moreover, Rogers did not object to the absence of this allegation before or during trial. An irregularity or error cannot be availed of after the verdict unless it was objected to at the time of occurrence. CCrP Art. 841. Rogers' attack on the sufficiency of the bill, on appeal when the State cannot correct the technical insufficiency, additionally must fail because he has not shown surprise or specific prejudice. State v. Malmay, 315 So.2d 286 (La. 1975); State v. Murray, 357 So.2d 1121 (La.1978).
The bill sufficiently notified defendant of the crime charged. Defendant did not file a motion to quash the bill or a motion for a bill of particulars to obtain additional information before trial. The State's opening statement gave notice of the evidence the State intended to present to prove the essential elements of the offense and defendant did not object to the sufficiency of the bill until this appeal. State v. James, 305 So.2d 514 (La.1974).

ASSIGNMENT NO. 2

SUFFICIENCY OF EVIDENCE
Rogers contends the State failed to prove that defendant possessed any "firearm" because the testimony of witnesses about the shotgun was not credible and because the rifle was not proved to have been an "operable" firearm.
Our authority to review questions of fact in a criminal case is limited. La. Const. 1974, Art. 5, § 10(B); State v. Richardson, 425 So.2d 1228 (La.1983). The trier of fact may accept or reject, in whole or in part, the testimony of any witness. State v. McDowell, 427 So.2d 1346 (La.App. 2d Cir.1983). Our factual review does not extend to credibility determinations made by the trier of fact, but only to the sufficiency-of-evidence evaluation under the standard of review set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). State ex rel. Graffagnino v. King, 436 So.2d 559 (La.1983); State v. Cameron Williams, 448 So.2d 753 (La.App. 2d Cir.1984).
That standard of appellate review is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jackson v. Virginia supra.
Here, there was no dispute over defendant's status as a convicted felon. Although there was some variation in the testimony of witnesses as to exactly when Rogers possessed the shotgun in 1984, the exact date and time was not an essential element of the offense because Rogers had not yet completed his felony sentence and was clearly within the prohibited period of LRS 14:95.1. Compare State v. Donald Williams, supra.
LRS 14:95.1 does not define the term "firearm" or distinguish an "antique" firearm. The statute does not require that the firearm be loaded at the time of possession. State v. Silva, 447 So.2d 1242 (La. App. 4th Cir.1984), writ denied. We cannot conclude that the statute requires that the firearm be operable at the time it is possessed.
Carl Coleman's statements that the rifle was old, and that he had never fired it, do not support Rogers' argument that the rifle was not operable even if that be assumed to be a statutory requirement as Rogers argues. Coleman's testimony, summarized above, suggested that the rifle should fire if an attempt was made to fire it and explained that the rifle "used" type 38-40 bullets.
*1255 In United States v. Laroche, 723 F.2d 1541 (11th Cir.1984), U.S. cert. denied, the defendant was convicted of several violations of the Federal Gun Control Act of 1968. Although some of the statutes Laroche was found to have violated excluded antique firearms from their prohibitions, one of the statutes [similar to LRS 14:95.1] did not have such an exclusion. See 18 U.S.C.App. § 1202(a)(1), prohibiting the receipt, possession, or transportation in commerce or affecting commerce, of any firearm, by a convicted felon.
The court rejected Laroche's argument that the prosecution bore the burden of proving the guns were not antiques and noted that conviction under § 1202(a)(1) could not be challenged on the ground that the prosecution failed to prove the guns were not antiques.
We hold that LRS 14:95.1 does not exclude antique firearms and does not require that the firearm possessed by the defendant be operable. The evidence of Rogers' possession of the rifle was sufficient to prove the essential elements of the offense beyond a reasonable doubt, even if the jury chose not to believe the testimony about defendant's possession of the shotgun. LRS 15:271, Jackson v. Virginia, supra.

DECREE
The conviction is AFFIRMED.
NOTES
[1] LRS 14:95.1 reads, in part:

Whoever is found guilty of violating the provisions of this Section shall be imprisoned at hard labor for not less than three nor more than ten years without the benefit of probation, parole, or suspension of sentence and be fined not less than one thousand dollars nor more than five thousand dollars.