SCHOTT, Judge.
By bill of information defendant was charged with six counts of pandering in violation of LSA-R.S. 14:84(2) by maintaining a place where prostitution is habitually practiced. Defendant moved to quash the information and the trial court granted the motion. The State applied for writs to the Supreme Court alleging that the trial court had declared the pandering statute unconstitutional but the Supreme Court found there was no declaration of unconstitutionality and transferred the state’s application to this court. Since the state was entitled to take an appeal from the judgment granting the motion to quash, C.Cr.P. art. 912(B), we considered the application an appeal and ordered a brief from defendant as appellee. The case has now been submitted to the court for an opinion on the merits of the state’s appeal.
In the information defendant is charged with six counts of pandering, one each on March 13, 16, 18 and 19 and two on March 17. However, in response to defendant’s application for a bill of particulars calling *448 for the dates of the offenses charged the state answered that there was one each on March 13, 16, 17, 18, 19 and 20. The place for each offense was said to be the Plaza Motel, 3610 Tulane Avenue, New Orleans.
Defendant’s motion to quash was based upon the argument that there was an unfair duplication of charges because a charge of pandering on one day required proof of prostitution on the other days in order to establish that prostitution was “habitually!’ practiced at the Motel. In a supplemental motion defendant charged that the pandering statute is unconstitutional because the word “habitually” is vague and imprecise.
At the hearing on the motion the trial judge started by saying, “I think that the bill is deficient in a couple of ways. I have to agree with Mr. Brener [defense counsel] in many respects and disagree in some others.” He went on to say that the bill was defective because it failed to allege that defendant “knowingly and intentionally” maintained the premises; that the word “maintaining” in the statute was ambiguous as well as the word “habitually”, and that the state could not charge defendant with a number of separate offenses but was relegated to a single charge within a period of time. The judge concluded:
“There are just too many problems. There are others and I think they are pointed out in the brief and in argument of counsel, and as to each of the counts contained in the Bill of Information, the Motion to Quash is granted.”
Because the state construed the trial court’s action to be a declaration that R.S. 14:84(2) was unconstitutional it applied for writs to the Supreme Court which has appellate jurisdiction in such cases, LSA-Const. Art. 5, § 5 (D), but the Supreme Court did not construe the trial court action as such and declined to take jurisdiction over the matter.
We first consider defendant's void for vagueness argument. He argues that the words “habitually practiced” are “im-permissibly vague and so elastic in meaning that men of common intelligence must necessarily guess at the meaning.” We disagree. Men of common intelligence know that “habitually” means repeatedly, done over and over again. They can readily identify the word with its root, habit, and everyone knows what a habit is. So the offense clearly proscribes keeping a place where acts of prostitution are repeatedly committed, where they are done over and over again. We find no vagueness about the word “habitually”.
Defendant’s reliance on State v. Pugh, 369 So.2d 1308 (La.1979) is misplaced. In that case the court declared unconstitutional the statute which provided that “Habitual drunkards” were guilty of vagrancy. The problem there was the use of “habitual” with “drunkards”. The court found that the statute was unclear because a person of common intelligence could not determine when his alcholic consumption rendered him a drunkard and how often he had to reach this uncertain condition to be classified as an habitual drunkard. In the instant case we are not concerned with a physical condition or a state of disability but with acts of prostitution which are specific, independent acts. A person of common intelligence knows the meaning of such acts being habitually committed. Defendant also refers to numerous other void for vagueness cases which need not be individually addressed. Suffice it to say that in each one the reviewing court thought the words under consideration were vague. We do not think the word “habitually” as used in this statute is vague at all, and we reject defendant’s argument that the statute is unconstitutional.
Next, we consider defendant’s argument that there is an inherent duplication of charges against him. Plaintiff argues that proof of one count of maintaining on one day a place where prostitution is habitually practiced, necessarily requires proof that prostitution was being committed on the days before and after the day in the charge. In support of this argument he relies upon State v. Gordon, 336 So.2d 793 (La.1976). In that case defendant was charged with pandering on January 2,1975 and he objected to evidence of sexual acts on days other than on the date charged. The court held:
*449 More than one act of prostitution must be offered to prove that the prostitution is habitually practiced.” The habitual nature of the prostitution is an essential element of the crime charged. Therefore, the testimony relating to the sexual acts performed at defendant’s massage parlor on dates other than the one charged in the bill of information was admissible as part of the crime charged....
We can only speculate on what the state’s evidence may be in the instant case. It may be that on each day charged the state will prove that numerous acts of prostitution were committed. Under these circumstances the trial court or jury may conclude that on each day charged prostitution was habitually practiced in the place defendant maintained. On the other hand if the state proves only one isolated act of prostitution at defendant’s place none of the charges will stick. Defendant’s argument will be more properly considered by the trier of fact in weighing the evidence rather than by this court on a motion to quash. Furthermore, defendant’s argument is not included under the general grounds for a motion to quash enumerated in C.Cr.P. art. 582 or the special grounds in art. 584.
Finally, we consider the trial judge’s statement that the information was defective because it failed to charge defendant with “knowingly and intentionally” maintaining the place. While the statute proscribes the “intentional” maintaining of the place, offical revision comment (a) to C.Cr. P. art. 472 provides that the offense of pandering requires a general criminal intent and it is not necessary to allege that the act was intentionally done.
Accordingly, the judgment of the trial court granting defendant’s motion to quash is reversed and set aside and the case is remanded to the trial court for further proceedings.
REVERSED AND REMANDED.