624 So.2d 26 (1993)
STATE of Louisiana, Appellee,
v.
Juan Miguel JUAREZ, Appellant.
No. 25168-KA.
Court of Appeal of Louisiana, Second Circuit.
September 22, 1993.
*27 Charles A. Smith, Indigent Defender, Minden, for appellant.
Richard Ieyoub, Atty. Gen., Baton Rouge, James M. Bullers, Charles McConnell, Dist. Attys., Minden, for appellee.
Before LINDSAY, BROWN and WILLIAMS, JJ.
BROWN, Judge.
On December 9, 1991, defendant, Juan Miguel Juarez, was clocked by radar speeding on Interstate 20 in Webster Parish. He was driving 60 MPH through a construction area with a posted speed limit of 45 MPH. Defendant's brother, Francisco Martinez Juarez, was a passenger in the automobile. The Louisiana State Trooper who stopped Juarez noticed that he appeared unusually nervous. When the brothers gave inconsistent statements concerning their destination, the trooper requested and received permission to search the vehicle. The search yielded a .25 caliber pistol, scales and ten (10) pounds of marijuana. The pistol was hidden under the dashboard. The marijuana was found by a police drug dog concealed between the back seat and trunk. Defendant admitted his intent to sell the marijuana at a $300 per pound profit in Mississippi. Defendant and his brother were charged by bill of information with Possession of Marijuana with the Intent to Distribute, a violation of LSA-R.S. 40:966(A)(1).
Both brothers bonded out of jail; however, Francisco Martinez Juarez failed to appear in court and a warrant was issued for his arrest. On January 22, 1992, the 1986 Mercury automobile and $219 in cash was forfeited to the State of Louisiana. On June 15, 1992, defendant pled guilty to Possession of Marijuana with the Intent to Distribute and was sentenced on October 26, 1992, to five (5) years at hard labor without probation or suspension of sentence. On November 23, 1992, defendant filed a motion to reconsider his sentence alleging only that it was unconstitutionally excessive. This motion was denied on February 8, 1993. Juarez now seeks review of his sentence based on the claim that it is unconstitutionally excessive.
When a defendant does not allege any specific ground for excessiveness, he does not lose his right to appeal the sentence, but is "simply relegated to having the appellate court consider the bare claim of excessiveness." State v. Mims, 619 So.2d 1059, 1060 (La.1993). Thus, in order to preserve a claim of unconstitutional excessiveness, the defendant need not allege any more specific ground than that the sentence is excessive.
LSA-Const. Art. I, § 20 (1974) prohibits the imposition of excessive punishment. Excessiveness of sentence is a question of law which is reviewable. State v. Bonanno, 384 So.2d 355, 358 (La.1980); State v. McGraw, 616 So.2d 262, 264 (La.App. 2nd Cir.1993). A sentence violates LSA-Const. Art. I, § 20 if it is grossly out of proportion to the severity of the offense or serves no purpose and is only a needless imposition of pain and suffering. State v. Lobato, 603 So.2d 739, 751 (La.1992). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock a sense of justice. State v. Lobato, supra; State v. Hogan, 480 So.2d 288, 291 (La.1985); State v. Silguero, 616 So.2d 1346, 1352 (La.App. 3d Cir.1993).
In this case the sentencing guidelines suggested a sentence of four and one-half (4½) years at hard labor. The trial judge initially imposed this recommended sentence. However, under LSA-R.S. 40:966(B)(2), a minimum sentence of five (5) years at hard labor is mandated for the charged crime. Furthermore, defendant was a second felony *28 offender having been previously convicted of receiving stolen goods in Texas. Thus, his sentence was required to be imposed without the benefit of probation or suspension. After being informed by the Assistant District Attorney of the minimum sentence provided by the statute, the trial judge changed the term to five years without suspension or probation. It is this additional six months that defendant now complains of in this appeal.
In situations where the sentencing guidelines prescribe a lesser sentence than the minimum mandated by the statute, the court must impose at least the minimum sentence mandated by the statute. La.S.G. § 211.
As mandated by LSA-R.S. 40:966(B)(2), Juarez, a second felony offender, was properly sentenced to five (5) years without the benefit of suspension or probation. Because the minimum sentence is compelled by Louisiana law, it is presumed not to be excessive. Under the particular circumstances of this case, this specified minimum sentence is not shocking to a sense of justice and is not excessive.
We have examined the record for errors patent, LSA-C.Cr.P. Art. 920(2), and have found none.
Accordingly, defendant's conviction and sentence are AFFIRMED.
LINDSAY, J., concurs in the result.