liSTEWART, Judge.
Defendant, Richard Slater, was stopped by a state trooper on 1-20 in Ouachita Parish for traveling 68 M.P.H. in a 55 M.P.H. zone. After a license and registration check revealed that both the defendant and the person in whose name defendant’s vehicle was rented had prior drug-related convictions, the trooper became suspicious. When the trooper approached the vehicle, he smelled marijuana. The defendant gave the trooper permission to search the car; the search yielded 102 pounds of marijuana in the trunk. Defendant related that he was to be paid $3,000 to transport the drugs from Texas to Alabama, but refused to divulge the names of the buyer and seller of the marijuana.
Defendant was charged with possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966(A)(1), and with conspiracy to distribute marijuana, a violation of LSA-R.S. 40:979. In exchange for his guilty plea to the possession charge, the conspiracy charge was dropped. Slater was sentenced to 10 years at hard labor and fined $2,000.
Defendant filed a motion to reconsider sentence, urging only that his sentence is constitutionally excessive. This motion was denied, and defendant now brings this appeal, claiming that his sentence does not comply with the Felony Sentencing Guidelines (the Guidelines) and is constitutionally excessive.
Defendant has not properly preserved for our review the issue of the compliance of his sentence with the Guidelines. LSA-C.Cr.P. Art. 881.2 states (in pertinent part):
*686 Art. 881.2. Review of sentence A. (1) The defendant may appeal or seek review of a sentence based on any ground asserted in a motion to reconsider sentence. ...
^Because defendant did not complain of the trial court’s compliance with the Guidelines in his motion to reconsider sentence, this court’s review is limited to constitutional ex-cessiveness.
A sentence violates La. Const. Art. 1, Sec. 20 if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992); State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989). The trial judge has primary responsibility for determining whether a sentence is constitutionally excessive. State v. Dorthey, 623 So.2d 1276 (La.1993). Absent a showing of manifest abuse of the trial court’s wide discretion to sentence within statutory limits, a sentence will not be set aside as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Eason, 624 So.2d 934 (La.App. 2d Cir.1993).
LSA-R.S. 40:966(B)(2) sets forth the penalty for possession with intent to distribute marijuana. That section provides:
Any person who violates Subsection A with respect to [marijuana] shall upon conviction be sentenced to a term of imprisonment at hard labor for not less than five years nor more than thirty years and pay a fine of not more than fifteen thousand dollars.
The trial court noted that the defendant was a well-educated and steadily employed person, and that he has a good relationship with his 10-year-old son. However, that court also considered the great quantity of drugs transported by defendant and that the defendant had previously been convicted of possession of a similar amount of marijuana. Further, the court found that at 47 years of age, the defendant was not a ^youthful offender. Significantly, Slater was to receive money for the commission of this drug-related offense.
The broad sentencing range established by the legislature for distribution of marijuana demonstrates the wide latitude intended for punishing such offenses and reflects the general rule that sentences should be tailored to individual defendants. There are several factors which are useful in determining whether the sentence by its excessive severity or length is greatly disproportionate to the underlying offense. Some of these factors are the nature of the offense and the offender (i.e., the harm caused as well as the culpability and character of the offender) and the sentences imposed for the commission of the same crime in other jurisdictions. Dis-proportionality analysis is cumulative and focuses on a combination of these factors. State v. Lathers, 444 So.2d 96, 97 (La.1983).
The trial court was impressed, as are we, with the quantity of marijuana in the possession of the defendant. Such an amount reflects a serious violation of the prohibition against the distribution of marijuana because it implies that the drugs will be distributed among a large number of people, amplifying the dangerous effects on society of controlled dangerous substance abuse. The trial court’s finding that the defendant was more blameworthy for his actions because he accepted money to transport the drugs is also supported by the record. Similarly, his previous conviction for a similar offense indicates a higher degree of culpability.
We consider the cases of State v. Juarez, 624 So.2d 26 (La.App. 2d Cir.1993) and State v. Loivery, 609 So.2d 1125 (La.App. 2d Cir. 1992), writ denied, 617 So.2d 905 (La.1993) to be instructive. In Juarez, a defendant was caught transporting 10 pounds of marijuana in his vehicle. This court upheld the minimum 5-year sentence as constitutional. Slater carried over 10 times this much contra-bandjjin his vehicle. In Lowery, this court upheld a 28-year sentence for a defendant caught transporting 271 pounds of marijuana under circumstances similar to defendant’s arrest. Although the quantity of drugs seized from defendant was not as substantial, both amounts reflect distribution schemes of serious proportions and an utter disregard for the health and safety of the communities *687 for which they are destined. See also State v. Laviolette, 576 So.2d 1000, 1008 (La.App. 3rd Cir.1991), writ denied, 581 So.2d 683 (La.1991) (11 years/$15,000 fine for less than one pound of marijuana); State v. Rose, 557 So.2d 409, 413 (La.App. 4th Cir.1990) (15 years for small quantity of marijuana — “A review of the jurisprudence indicates that 10- to 15-year sentences are not uncommon for persons convicted of distribution of marijuana” and collecting cases).
Despite the defendant’s history of legal employment and family ties, we cannot say that the 10-year sentence and $2,000 fine for such a serious offense shocks our sense of justice. Incarceration for one-third of the maximum sentence provided for this crime is not an unreasonable penalty where the evidence reflects that the defendant intended to accepted a pecuniary reward to distribute such a quantity of dangerous contraband.
In our review of the record, we have noted one error patent. The trial court improperly advised the defendant of the time limits for post conviction relief under LSA-C.Cr.P. Art. 930.8. This error is not grounds for reversal. LSA-C.Cr.P. Art. 921. The district court is directed to send appropriate notice to Slater within 10 days of the rendition of this opinion and then file, in the record, written proof that defendant received such notice.
For the above reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED.