774 So.2d 291 (2000)
STATE of Louisiana, Appellee,
v.
Rickey D. CLARK, Appellant.
No. 33,794-KA.
Court of Appeal of Louisiana, Second Circuit.
November 3, 2000.
Rehearing Denied December 7, 2000.
*293 Wilson Rambo, Kelly W. Dishman, II, Bossier City, Counsel for Appellant.
Richard P. Ieyoub, Attorney General, Paul J. Carmouche District Attorney, Tommy J. Johnson, Michael W. Powell, Assistant District Attorneys, Counsel for Appellee.
Before NORRIS, WILLIAMS and CARAWAY, JJ.
WILLIAMS, Judge.
The defendant, Rickey D. Clark, was charged by bill of information with possession of a Schedule II controlled dangerous substance, i.e., two hundred grams or more, but less than four hundred grams of cocaine, a violation of LSA-R.S. 40:967 A(1) and F(1)(b). After a jury trial, the defendant was found guilty as charged and sentenced to serve twenty years at hard labor without benefit of probation, parole or suspension of sentence. For the following reasons, we affirm the defendant's conviction and sentence.

FACTS
On January 22, 1997, Shreveport Police Officers Russell Sarpy and John Gallion, assigned members of the Drug Enforcement Agency Task Force, took part in an undercover drug deal to purchase a quarter kilogram, or approximately 252.7grams, of cocaine.
The transaction was scheduled to take place at a car wash located in the 6700 block of Linwood Avenue in Shreveport, Louisiana. This undercover operation also included a surveillance unit consisting of Shreveport Police Officer Michael Tong, who operated video equipment from a location near the car wash, and Officers Jimmy Ogden and David Derrick, who were on standby at a nearby location.
At approximately 9:00 p.m. on the night of the proposed transaction, the co-defendant, Thomas Furgerson, paged Officer Sarpy and informed him that he had the cocaine Officer Sarpy had requested and that he was en route to the car wash to make the transaction. Furgerson informed Officer Sarpy that he would be driving a green Nissan. Ultimately, the suspects arrived at the car wash. The surveillance unit notified Officer Sarpy of their arrival and that a passenger had left the vehicle, placed a white object in a trash can and got back into the front passenger's seat of the vehicle. Officers Sarpy and Gallion arrived at the car wash and parked next to the driver's side of the green Nissan. The officers noted that there were three individuals in the vehicle, the driver, Thomas Furgerson, a front seat passenger who was later identified as the defendant, Rickey Clark, and an unidentified passenger in the back seat. Officer Sarpy testified that although it was dark, the lighting on the parking lot was sufficient for him to see the two individuals sitting in the front seats of the vehicle.
Officer Sarpy and Furgerson were discussing the transaction when Furgerson informed Officer Sarpy that he did not want to go through with the drug transaction. As Officers Sarpy and Gallion left the parking lot, they contacted the surveillance unit and informed them of what had transpired. The officers also informed the unit that the suspects should be arrested.
The defendant, the front-seat passenger, left the vehicle and walked over to the trash can to retrieve the bag. As defendant returned to the vehicle, Officers Ogden and Derrick approached him and introduced themselves as police officers. As a result, the defendant fled on foot in a southwesterly direction. Officer Ogden noticed that the defendant was running with a white object in his hand. The defendant was apprehended approximately two blocks south of the car wash, and the officers identified him as the front-seat passenger in the green Nissan. The officers *294 retraced the route of the defendant's flight and recovered a plastic bag containing a white substance and a shirt jacket which the officers identified as the one worn by the defendant as he fled the car wash.
Sergeant David Kent of the Shreveport Police Department's Crime Scene Investigation Unit tested the plastic bag for fingerprints. Sergeant Kent discovered two latent fingerprints. One of the fingerprints matched the defendant's right thumb print. Forensic chemist, Randall Robillard of the Northwest Louisiana Crime Lab, identified the white substance in the plastic bag as cocaine with a total weight of 252.41 grams.
The defendant was arrested and charged by bill of information with possession of a Schedule II controlled dangerous substance, 200 grams or more, but less than 400 grams, of cocaine. After a jury trial, the defendant was found guilty as charged and sentenced to serve twenty years at hard labor without benefit of probation, parole or suspension of sentence. The trial court denied the defendant's motions for new trial and post-verdict judgment of acquittal. Additionally, the defendant's motion to reconsider sentence was denied. The defendant appeals his conviction and sentence, contending the evidence was insufficient to support his conviction and his sentence is excessive. The defendant also argues that the trial court did not properly articulate reasons in support of the sentence as required by LSA-C.Cr.P. art. 894.1.

DISCUSSION

Assignment of Error Nos. 1 & 4
By these assignments of error, the defendant contends the evidence was insufficient to support his conviction. Specifically, the defendant argues that the state's case against him was circumstantial and that the evidence presented during the trial failed to show that he had possession of the cocaine during the failed drug transaction.
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Bosley, 29,253 (La.App.2d Cir.4/2/97), 691 So.2d 347, writ denied, 97-1203 (La.10/17/97), 701 So.2d 1333; State v. Bellamy, 599 So.2d 326 (La.App. 2d Cir.), writ denied, 605 So.2d 1089 (La.1992).
The Jackson standard is applicable in cases involving both direct and circumstantial evidence. An appellate court reviewing the sufficiency of evidence in such cases must resolve any conflict in the direct evidence by viewing that evidence in the light most favorable to the prosecution. When the direct evidence is thus viewed, the facts established by the direct evidence and inferred from the circumstances established by that evidence must be sufficient for a rational trier of fact to conclude beyond a reasonable doubt that the defendant was guilty of every essential element of the crime. State v. Sutton, 436 So.2d 471 (La.1983); State v. Owens, 30,903 (La.App.2d Cir.9/25/98), 719 So.2d 610; State v. Lott, 535 So.2d 963 (La.App. 2d Cir.1988).
The court's authority to review questions of fact in a criminal case is limited to the sufficiency of the evidence evaluation under Jackson v. Virginia, supra, and does not extend to credibility determinations made by the trier of fact. LSA-Const. Art. 5 § 10(B); State v. Williams, 448 So.2d 753 (La.App. 2d Cir.1984). A reviewing court accords great deference to a jury's decision to accept or reject the testimony of a witness in whole or in part. State v. Bosley, supra; State v. Rogers, 494 So.2d 1251 (La.App. 2d Cir.1986), writ denied, 499 So.2d 83 (La.1987). In the *295 absence of internal contradiction or irreconcilable conflict with physical evidence, the testimony of one witness, if believed by the jury, is sufficient support for the requisite factual conclusion. State v. Combs, 600 So.2d 751 (La.App. 2d Cir.), writ denied, 604 So.2d 973 (La.1992).
LSA-R.S. 40:964 A(4) lists cocaine as a Schedule II substance. LSA-R.S. 40:967 A(1) provides in pertinent part:
[I]t shall be unlawful for any person knowingly or intentionally:
(1) To produce, manufacture, distribute, or dispense or possess with intent to produce, manufacture, distribute, or dispense, a controlled dangerous substance classified in Schedule II.
The defendant's argument that the evidence was insufficient to support his conviction is without merit. The defendant was identified by Officers Sarpy, Gallion and Ogden as the front-seat passenger in the green Nissan. Additionally, the defendant was identified as the person who dropped the plastic bag containing the cocaine into the trash can and who later retrieved the bag after the failed transaction. Officer Ogden identified the defendant as the person who fled the scene after the failed transaction. Furthermore, the defendant's fingerprint was discovered on the bag of cocaine. The fact that the defendant's fingerprint was found on the bag containing the cocaine is obviously additional evidence to support the possession charge.
Viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have concluded beyond a reasonable doubt that the evidence presented by the state was sufficient to find the defendant guilty of possession of cocaine. These assignments of error are without merit.

Assignments of Error Nos. 2 & 3
By these assignments, the defendant contends his sentence is excessive and that the trial court failed to comply with LSA-C.Cr.P. art. 894.1. The defendant argues that this court must consider whether a statutorily mandated minimum sentence must yield to the constitutional prohibition against excessive punishment.
The record reflects that the defendant timely filed his motion to reconsider sentence, which the trial court denied. However, in the motion, the defendant asserts only that his sentence is excessive. The defendant failed to allege that the trial court failed to comply with LSA-C.Cr.P. art. 894.1 as specific grounds in support of the motion. Pursuant to LSA-C.Cr.P. art. 881.1, the failure to include a specific ground upon which a motion to reconsider sentence may be based precludes the defendant from raising the ground for relief on appeal. Thus, the defendant's claim of sentencing error is limited to the issue of constitutional excessiveness. State v. Mims, 619 So.2d 1059 (La.1993).
The Louisiana Constitution protects individuals from "cruel, excessive or unusual punishment." LSA-Const. Art. I § 20. Even the imposition of a sentence within the statutory limits may violate this provision. State v. Sepulvado, 367 So.2d 762 (La.1979). Whether the sentence imposed is too severe or excessive depends on the circumstances of the case and the background of the defendant.
A sentence is unconstitutionally excessive if it is grossly out of proportion to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. State v. Lobato, 603 So.2d 739 (La.1992). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks our sense of justice. State v. Caraway, 28,769 (La.App.2d Cir.10/30/96), 682 So.2d 856. The sentence will not be set aside absent a showing of manifest abuse of the trial court's wide discretion to sentence within statutory limits. State v. Lobato, supra.
As stated previously, the defendant was convicted of possession of more than 200 *296 grams but less than 400 grams of cocaine, a violation of LSA-R.S. 40:967 A(1). Punishment for this offense is set forth in R.S. 40:967 F(1), which provides in pertinent part that an offender:
[S]hall be sentenced to serve a term of imprisonment at hard labor of not less than twenty years, nor more than sixty years, and to pay a fine of not less than one hundred thousand dollars, nor more than three hundred fifty thousand dollars.
It is within the legislature's authority to determine the length of the sentence imposed for crimes classified as felonies, and the courts are charged with applying these punishments unless they are found to be unconstitutional. State v. Armstrong, 32,279 (La.App.2d Cir.9/22/99), 743 So.2d 284. The jurisprudence requires that the trial court presume that a mandatory minimum sentence is constitutional and that it does not impose excessive punishment. State v. Johnson, 97-1906 (La.3/4/98), 709 So.2d 672; State v. Juarez, 624 So.2d 26 (La.App. 2d Cir.1993).
To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, which, in this context, means that because of unusual circumstances this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. State v. Johnson, supra.
Here, the defendant has failed to present any evidence to prove that his particular circumstances warrant a departure from the legislatively mandated minimum sentence. The sentence of twenty years at hard labor without benefit of probation, parole or suspension of sentence is not inappropriate for this defendant and does not shock our sense of justice. We find no abuse of the trial court's discretion in sentencing this defendant. These assignments of error are without merit.
We have reviewed the record for error patent and have found none.

CONCLUSION
For the foregoing reasons, the defendant's conviction and sentence are affirmed.
AFFIRMED.
APPLICATION FOR REHEARING
Before NORRIS, GASKINS, CARAWAY, and PEATROSS, JJ.
Rehearing denied.